386 So.2d 879 (1980)
John E. PETERSON, Rolf R. Mossbacher and Bay County Citizens for Neighborhood Preservation, Inc., Appellants,
v.
FLORIDA DEPARTMENT OF COMMUNITY AFFAIRS, and International Paper Realty Company, Appellees.
No. KK-252.
District Court of Appeal of Florida, First District.
August 18, 1980.
Jerry W. Gerde, of Davenport, Johnston, Harris, Gerde & Harrison, Panama City, for appellants.
C. Laurence Keesey, Dept. of Community Affairs, Roy C. Young of Smith, Young & Blue, Tallahassee, for appellees.
MILLS, Chief Judge.
Peterson, et al. appeal from final agency action of the Division of State Planning, whose authority as state land planning agency has now been assumed by the Department of Community Affairs (Department), denying their petition for formal hearing under Section 120.57(1), Florida Statutes (1977). The petition was filed after the Department issued a binding letter to International Paper Realty Corp. (IPRC) pursuant to Section 380.06(4)(a), Florida Statutes (1977), determining that a 90-acre tract of land in Bay County was not a development of regional impact (DRI).
The issue which is dispositive of this appeal is whether Peterson, et al. had standing under Section 380.06(4)(a) to demand a Section 120.57(1) hearing. We agree with the Department that they did not and affirm.
IPRC is the owner of a 90-acre tract of land, Pretty Bayou Tract, in Bay County. The tract is 17 miles from the nearest Bay County boundary. Peterson, et al. are homeowners whose property is near or adjacent to the tract. IPRC proposes to develop the Pretty Bayou Tract as a residential area with a total of 534 dwelling units.
Peterson, et al. began writing the Department in December 1978 to express their *880 contention that the proposed development would be a DRI. During the course of the correspondence, they alleged, among other things, that the development would adversely impact upon St. Andrews Bay and Robinson Bayou which bordered the development area; that the destruction of certain wetlands would be ecologically harmful; and that the project would have a multi-county impact because it would be competing with similar developments in other counties.
On 6 January 1978, the Department received from IPRC a request for a binding letter of interpretation as to whether the proposed development would be a DRI. A formal evidentiary hearing was not requested by IPRC. On 6 February, Peterson, et al. filed with the Department documents entitled "Appearance as Parties" and "Petition to Intervene" alleging that they would be affected by the proposed project and by any agency action on it. On 22 February, the petition to intervene was supplemented by adding that the petition was filed in accordance with Section 120.57(1). The Department responded on 7 March by letter stating that the "request for a formal hearing pursuant to Section 120.57(1), Florida Statutes, is hereby denied."
On 27 March, Peterson, et al. filed a "request for formal hearing under Chapter 120.57(1), F.S." By letter dated 12 April, the Department stated that it could not act on their request of 27 March, that the binding letter of 14 March complied with the initial steps of an informal proceeding under Section 120.57(2)(a)1, that the proceeding could be continued through the remaining steps of the informal process, and that there was inadequate information on the face of the pleadings to allow the Department to determine whether there were disputed issues of material fact.
On 18 April, Peterson, et al. responded that an informal proceeding would be inappropriate and that a formal hearing was again requested. They asked that if the request were denied, it be denied in an "order" form appealable to this court. On 25 April, by letter sent to Peterson, et al., the Department denied the Section 120.57(1) hearing on the ground that a proper petition for a formal hearing had not been filed, but granted them a Section 120.57(2)(a) hearing and gave them 20 days in which to submit any written evidence regarding the binding letter issued on 14 March. Peterson, et al. were informed that the hearing would be before the then division director and would be recorded.
On 15 May, Peterson, et al. filed a "Petition for Formal Hearing" which complied with the requirements of a petition for a Section 120.57(1) hearing. IPRC responded to the petition by arguing that the binding letter of 14 March was final agency action and the Department no longer had jurisdiction to grant a hearing on the matter.
On 22 May, the Department informed Peterson, et al. that the binding letter of 14 March was final agency action as to their request for a formal hearing.
Peterson, et al. appeal from the 22 May letter.
Peterson, et al. are not entitled to party status under Section 380.06(4)(a). They have no substantial interests that will be determined or affected by the Department's issuance of a binding letter. Their standing must be considered in light of Chapter 380.
Only DRIs are subject to the requirements of Section 380.06, and developers need a means of determining whether their projects constitute a DRI. The Legislature has provided that if a developer is in doubt whether his proposed development would be a DRI he may request a binding letter of interpretation issued by the Department. Only the Department and the developer participate in the issuance of a binding letter. There is no legislative authority for other persons to obtain standing in such proceedings.
The legislature intended that the Department provide quick resolution of the developer's doubts by requiring that a binding letter issue within 60 days of the request. A binding letter only determines whether a proposed development is a DRI; it is not a permit to begin any development activity *881 and does not protect the developer from any state, federal, or local restrictions applicable to its development. It does not supplant any local requirements. It does not insulate the developer from the jurisdiction or permitting requirements of other federal, state, or local agencies.
The intervention of parties not contemplated by the legislature would bring about delay and inhibit developers from seeking a binding letter. Without the developer's cooperation, many actual DRIs would escape consideration.
Further, Peterson, et al. have no substantial interest in the issuance of the binding letter. They do not state how or why a finding that the IPRC's project is a DRI would affect their homes differently than the finding that the project is not a DRI. They have not shown any injury and have merely raised the possibility of some future speculative injury resulting from construction of the IPRC development. The Department's binding letter, however, is not even a permit or license to begin construction.
The "adverse effect" of the agency decision upon Peterson, et al. is nonexistent.
The fact that the Department received information from Peterson, et al. and utilized such information does not constitute their recognition as parties to the proceeding. Despite the fact, however, that Peterson, et al. were not proper parties and had not alleged a substantial interest in the proceedings, the Department offered them an opportunity to present any evidence or information they desired in an informal proceeding. They refused to accept this opportunity.
Peterson, et al. had no enforceable right of their own volition to participate as formal parties to the binding letter proceeding. Suwannee River Area Council Boy Scouts of America v. Department of Community Affairs, 384 So.2d 1369 (Fla. 1st DCA 1980). They rejected the opportunity to offer evidence and present information at an informal proceeding. See United States Service Industries-Florida v. Florida Department of Health and Rehabilitative Services, 383 So.2d 728 (Fla. 1st DCA 1980). The record before us clearly shows that the Department fully complied with the statutory requirements of Chapter 380 in issuing the binding letter determining that the Pretty Bayou Tract development was not of regional impact.
We affirm the order appealed.
ROBERT P. SMITH, Jr., J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.