396 So.2d 1194 (1981)
PROFESSIONAL FIREFIGHTERS OF FLORIDA, INC., James B. Jackson, Dominick F. Barbera, and Gary Rainey, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, STATE OF FLORIDA, Appellee.
No. OO-231.
District Court of Appeal of Florida, First District.
April 21, 1981.
Edward S. Jaffry and Van P. Russell, Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for appellants.
George L. Waas and Charles T. Collette, Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a hearing officer's order dismissing the petition filed by the appellant association and various individuals for lack of standing to challenge the validity of certain HRS rules *1195 and the rule-making procedures under which they were adopted. The subject rules regulate the licensing of paramedics in Florida.[1] The appellant association claims to represent certain of its members who are paramedics practicing their profession without the benefit of the new licensing requirements. Individual appellants Dominick Barbera and Gary Rainey, members of the association, perform paramedic functions in the course of their employment as lieutenants with the Dade County Fire Department. Both Barbera and Rainey have been "certified" by their department to perform emergency medical services, but neither has applied for state certification pursuant to the new rules.
Section 120.56, Florida Statutes (1979), provides that any person "substantially affected" by an agency rule may seek an administrative determination of whether the rule is a valid exercise of delegated legislative authority. On November 6, 1978, the appellee agency filed a prehearing motion to dismiss appellants' petition on grounds appellants were collaterally estopped from challenging the rule-making procedures because of their participation in an earlier hearing. The agency's motion to dismiss also contended the allegations of the petition were insufficient to confer standing, but this standing challenge, based on the allegations in the petition, was abandoned. The denial of the agency's motion to dismiss on the collateral estoppel ground was affirmed on appeal in HRS v. Professional Firefighters of Florida, Inc., 366 So.2d 1276 (Fla. 1st DCA 1979).
At the close of the evidence in the subsequent hearing on March 8, 1979, the agency renewed its challenge to appellants' standing. Appellants argued that the organization and its paramedic members, including the individual petitioners, were directly and substantially affected by the challenged rules because the rules regulated the field in which they were practicing and pervasively governed their livelihoods. Barbera testified that he would be compelled to submit to the certification exam under the new licensing rules to avoid being relieved of his present paramedic duties and that failure to comply with the rules would injure him monetarily and stop him "from doing the job I was trained to do."
The hearing officer concluded, however, that neither Barbera, Rainey, nor the appellant association had established injury of "sufficient immediacy and reality" to meet statutory requirements, stating:
Petitioners Rainey and Barbera maintain that if they do not become certified under the contested rules, they will be unable to continue performing paramedic functions incident to their employment. Undoubtedly, denial of an application for certification as a paramedic pursuant to the challenged rules would constitute a sufficient injury to confer standing to challenge the propriety of such rules. However, Petitioners have neither applied for certification nor have they alleged or established that anything in the challenged rules would disqualify them from certification... Petitioners' attacks on those rules which govern certified paramedics cannot be acknowledged because they are not presently in the class of licensees regulated by the rules.
The hearing officer accepted the agency's contention that appellants could not claim injury which they brought "voluntarily" upon themselves by failing to apply for certification.
The order below would preclude a challenge by anyone who had not first complied with a rule and suffered injury, no matter how clear the rule's applicability to, or substantial its effect on, the challenger. Such a result is not consistent with prior Florida decisions. The APA permits prospective challenges to agency rulemaking and does not require that an affected party comply with the rule at his peril in order to obtain standing to challenge the rule. 4225 Corporation, Mother's Lounge, Inc. v. Division of Beverage, 348 So.2d 934, 936 (Fla. 1st DCA 1977). A party may demonstrate *1196 standing by showing that a rule has a real and immediate effect upon his case, as well as by proving injury in fact. State Department of Commerce v. Matthews, 358 So.2d 256, 257 n. 1 (Fla. 1st DCA 1978); Jacksonville Maritime Association, Inc. v. Florida Board of Pilot Commissioners, 39 FDOAH 626 (August 10, 1977).
In the instant case, the rules governing licensing procedures promulgated by the agency substantially affected the individual appellants by rendering their continued employment as paramedics unlawful without compliance with the licensing requirements. This case is unlike the decisions cited by appellee wherein parties were denied standing on grounds application of the agency rule was purely speculative and conjectural. For example, in Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978), cert. denied, 359 So.2d 1215 (Fla. 1978), this court held that an inmate in the state correctional institution had no standing to challenge a disciplinary confinement rule when, at the time of filing, he had already served his penalty, holding (353 So.2d 1236):
Jerry's prospects of future injury rest on the likelihood that he will again be subjected to disciplinary confinement because of possible future infractions ... Whether this will occur ... is a matter of speculation and conjecture and we will not presume that Jerry, having once committed an assault while in custody, will do so again.
Similarly, in Department of Health and Rehabilitative Services v. Alice P., 367 So.2d 1045, 1052 (Fla. 1st DCA 1979), this court found that a woman of child-bearing age who was no longer pregnant at the date of filing had no standing to challenge a proposed rule limiting medicaid funding for abortion.
In both Jerry and Alice P., supra, the challengers were not subject to the rule or immediately affected by it at the time suit was filed and were unlikely to be affected in the future. In contrast, in this case, the individual appellants are presently affected by the licensing rules because they currently work in the area to be regulated. When an agency sets up a new licensing or certification requirement for an occupation or profession not previously subject to state-wide regulation or licensing, persons engaged in that occupation or profession have standing to challenge the proposed regulation. This is true regardless of whether submission to certification or licensing is termed "voluntary" or not. There is a clear, direct effect on those concerned individuals being able to continue to earn their livelihood. The test of "substantially affected" as to the two individual appellants is met, and it is unnecessary to determine whether the appellant association alone would have sufficient standing under Florida Department of Education v. Florida Education Association/United, Inc., 378 So.2d 893 (Fla. 1st DCA 1979), wherein this court held that a teacher's union was without standing to challenge a disciplinary rule when no individual teacher was a party.
The order dismissing the petition is REVERSED.
MILLS, C.J., and McCORD, J., concur.
NOTES
[1] Fla. Admin. Code, Rule 10D-66.36. The subject rules were promulgated pursuant to the 1977 amendments to the Florida Statutes. See Fla. Stat. § 401.47 (1979).