400 So.2d 524 (1981)
PRESTON CARROLL COMPANY, INC., Appellant,
v.
FLORIDA KEYS AQUEDUCT AUTHORITY, Appellee.
No. 80-2215.
District Court of Appeal of Florida, Third District.
June 16, 1981.
Rehearing Denied July 23, 1981.
Savell, Williams, Cox & Angel and William E. Turnipseed, Atlanta, Ga., Podhurst, Orseck & Parks and Barry L. Meadows, Miami, for appellant.
Enrique Arroyo, Coral Gables, and Thomas J. Schwartz, West Palm Beach, for appellee.
Before HUBBART, C.J., and HENDRY and BASKIN, JJ.
BASKIN, Judge.
Preston Carroll Company, Inc., unsuccessful bidder for a water supply contract, challenges *525 an Order of the Florida Keys Aqueduct Authority (FKAA) denying Preston Carroll's protest pursuant to section 120.57, Florida Statutes (1979) of the award of the contract to another bidder, Iacobelli-Ferrera. We do not reach the merits of appellant's argument, however, because we find that appellant lacked standing to challenge the award of the contract.
In order to contest the award of a public contract to an apparent low bidder, appellant was required to establish that it had a "substantial interest" to be determined by the agency. A second lowest bid establishes that substantial interest. See Jets Services, Inc. v. Hoffman, 420 F. Supp. 1300 (M.D.Fla. 1976); Couch Construction Co., Inc. v. Department of Transportation, 361 So.2d 184 (Fla. 1st DCA 1978); Greenhut Construction Co. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971); § 120.57, Fla. Stat. (1979). In an effort to meet the standing requirement, Preston Carroll maintained that it produced the lowest bid and that FKAA's determination that CFW Construction Co., Inc. was the second low bidder was erroneous because CFW extended "deduct" provisions to its alternate bid after bidding had been closed. The unrefuted testimony presented by professional engineer and project coordinator MacVicar disclosed, however, that at the time apparent low bidders were decided CFW's bid, which included "deducts", was the second lowest bid. Relying on Mr. MacVicar's expertise in evaluating bids, the Board of Directors of the Florida Keys Aqueduct Authority determined that the "deduct" offered by CFW applied at all times not only to its base bid but also to its alternate bid and that no change in its bid occurred after the bids were opened. This court may not substitute its judgment for an agency's judgment concerning the weight of evidence. § 120.68(10), Fla. Stat. (1979).
For these reasons, we hold that Preston Carroll, as third low bidder, was unable to demonstrate that it was substantially affected; it therefore lacked standing to protest the award of the contract to another bidder. See Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); Peterson v. Florida Department of Community Affairs, 386 So.2d 879 (Fla. 1st DCA 1980); Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA), cert. denied, 359 So.2d 1215 (Fla. 1978).
Affirmed.