413 So.2d 1200 (1982)
ALL RISK CORPORATION OF FLORIDA, Gallagher-Bassett Insurance Service, Inc., Commercial Risk Management, Inc., R.P. Hewitt & Association, Inc., Professional Administration, Inc., Scott Wetzel Services, Inc., Self Insured Services, Inc., Whiting National Services, Inc., Risk Management Services, Inc., Gates, McDonald & Company Corporate Group Services, Inc., Florida Association of Service Companies, and St. Joseph's Hospital, Inc., Appellants,
v.
STATE OF FLORIDA, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, DIVISION OF WORKERS' COMPENSATION, Appellee.
No. AI-27.
District Court of Appeal of Florida, First District.
March 25, 1982.
Rehearing Denied June 2, 1982.
*1201 Richard B. Collins of Perkins & Collins, Tallahassee, for appellants.
George W. Butler, Jr. and Michael Rudicell of the State of Florida, Dept. of Labor and Employment Sec., Tallahassee, for appellee.
JOANOS, Judge.
This appeal is from the order of an administrative hearing officer dismissing the amended petition of the appellants for lack of standing without leave to amend. We note at the outset that a concession was made at oral argument that one of the appellants, Florida Association of Service Companies, does, in fact, lack standing. We shall, therefore, treat that association as having withdrawn for purposes of this opinion.
The Department of Labor and Employment Security, Division of Workers' Compensation, properly (the parties have so stipulated) announced its intent to repeal Rule 38F-5.01 through 5.23, and simultaneously adopt revised rules for Chapter 38F-5, involving self-insurers in workers' compensation law. All of the appellants except for St. Joseph's Hospital, Inc. filed a timely petition questioning the validity of the proposed rules and requesting a drawout hearing pursuant to Section 120.54(16), Florida Statutes (1979).
Subsequently, those same petitioners filed an amended petition questioning the invalidity of the proposed rules. Those petitioners alleged that they were individual service companies for individual self-insurers and self-insurer funds. Both petitions alleged that the petitioners would be affected by the rules "in that the proposed rules will create an increased cost for non-refundable bond premiums and will have the potential impact of depriving the self-insurors and self-insuror funds of the right to operate as self-insurors pursuant to Florida Statutes, Section 440.38." The amended petition further alleged that one of the individual service companies had been authorized by one self-insurer, Cedars of Lebanon Hospital Corporation, to represent it in this proceeding and that one individual service company had been authorized by a self-insurance fund, Florida Hospital Workers' Compensation, to represent it in the proceeding.
The Department of Labor and Employment Security, Division of Workers' Compensation (hereinafter referred to simply as the Department) filed a motion to dismiss the initial petition on the ground that the petitioners had not shown with particularity facts sufficient to show that they would be substantially affected by any of the proposed rules. Another ground was asserted which is not relevant here. The Department also filed a motion to dismiss the amended petition, on other grounds.
Two days before the scheduled hearing, petitioners filed a motion to amend the amended petition by adding a party, St. Joseph's Hospital, Inc., an individual self-insurer. That motion alleged that the issues that St. Joseph's would seek to raise were identical to or substantially similar to the issues already raised and it would, therefore, not prejudice the respondent or delay the proceedings if the joinder were permitted. On the same day the Department filed a motion to dismiss the amended petition on the grounds that petitioners lacked standing to challenge the proposed rules in that they were not substantially affected persons within the meaning of Section 120.54(4)(a), Florida Statutes (1979).
After a hearing on both motions, St. Joseph's was allowed to join as a party-petitioner, but the Department's motion to dismiss for lack of standing was granted as to all parties except St. Joseph's. After the hearing, the Department filed a suggestion of lack of jurisdiction over the subject matter and renewed its earlier motion to dismiss on grounds of lack of standing, citing State, Department of Health and Rehabilitative Services v. Alice P., 367 So.2d 1045 (Fla. 1st DCA 1979). The Department urged again that the petitioners failed to allege with particularity facts sufficient to *1202 show that they would be substantially affected by the proposed rules and, therefore, there was no valid procedure for St. Joseph's to join.
In the final order the hearing officer reviewed thoroughly the law of standing in administrative procedures and determined that the amended petition was insufficient as a matter of law. He further noted that since St. Joseph's attempt to join the proceedings was filed beyond the 14 day period, St. Joseph's had accepted the invalid status of the proceeding and could not breathe new life into it, citing Alice P. The hearing officer concluded that dismissal without leave to amend was appropriate because petitioners had already had two opportunities to file a petition which did conform with the statute and the pendency of a petition challenging the validity of a proposed rule prohibited the adoption of the rule. The hearing officer held that to allow the petitioners another opportunity to amend their petition would unduly delay the rulemaking process.
Section 120.54(4)(b), Florida Statutes (1979), requires that one challenging a proposed rule must "state with particularity facts sufficient to show that the person challenging the proposed rule would be substantially affected by it... ." This Court has interpreted that statute as requiring proof that the rule has a real and immediate effect upon one's case, as well as injury in fact, Professional Firefighters of Florida, Inc. v. Department of Health and Rehabilitative Services, State of Florida, 396 So.2d 1194 (Fla. 1st DCA 1981), and that the alleged interest is arguably within the zone of interest to be protected or regulated. Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978), cert. denied 359 So.2d 1215 (Fla. 1978). See also, Agrico Chemical Company v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 1st DCA 1981).
We agree with the ruling of the hearing officer that the allegations of fact in the petition and amended petition fail to "state with particularity facts sufficient to show that ... [service companies] would be substantially affected by the challenged rules" and that the service companies, therefore, lacked standing based on the allegations. We find, however, that the denial of leave to amend was an abuse of discretion. The record here shows that all prior challenges to the service companies' standing had been rebuffed and that, although it is true, as the order states, the service companies had two opportunities to file amended petitions, neither of these amendments had dealt with the question of standing; this may well have been because the prior rulings indicated no need to do so. Evidence presented at the hearing included references to portions of the rules which affect the service companies' ability to obtain or retain certification by the Department of Labor and Employment Security and information relevant to those provisions. See, e.g., Rule 38F-5.40 and 38F-5.41. Under these circumstances, we think petitioners should have been given another opportunity to amend their petition.
The remaining question is whether the dismissal of St. Joseph's Hospital, Inc., the self-insured intervenor was proper. Alice P. specifically held that the 14 day period in which a petition must be filed is jurisdictional and a subsequent attempt to add parties cannot give validity to an otherwise invalid proceeding. Thus, the dismissal of St. Joseph's was proper at the time. Under the circumstances of our ruling concerning giving the service companies an opportunity to amend, it follows that if the service companies fail to establish that they have standing, St. Joseph's will likewise have no standing. If the service companies succeed in establishing standing, then the motion to add St. Joseph's as a party should be reconsidered on the merits at that time.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and SHIVERS, JJ., concur.