# PARISER v. DEPARTMENT OF PROFESSIONAL REGULATION
## Case No. 84-2981R

and

# FOWLER v. DEPARTMENT OF PROFESSIONAL REGULATION
## Case No. 84-3154R

State of Florida, Division of Administrative Hearings

January 18, 1985

## APPEARANCES OF COUNSEL

**Michael S. Gelbert** for petitioners.

**Arthur C. Wallberg,** Assistant Attorney General, for respondent.

## OPINION

WILLIAM B. THOMAS, Hearing Officer.

Pursuant to notice, the Division of Administrative Hearings, by its

duly designated Hearing Officer, William B. Thomas, held a formal hearing in these consolidated cases on October 26, 1984, in Ft. Lauderdale, Florida. Subsequent to the filing of the transcript, the parties submitted proposed findings of fact and conclusions of law which have been considered. Except where these were found to be subordinate, cumulative, immaterial or unnecessary, a ruling on each has been made either directly or indirectly.

Initially, each of the Petitioners sought an administrative determination that Rule 21E-12.08, Florida Administrative Code, is invalid on the ground that this rule is an invalid exercise of delegated legislative authority. These two cases were consolidated for final hearing and for disposition. At the hearing the parties dictated into the record a stipulated set of facts. By Memorandum filed after the hearing and in proposed findings of fact and conclusions of law, the Petitioners modified their initial pleading so as to limit their challenge to the last setence of Rule 21E-12.08, Florida Administrative Code. The essential facts stipulated by the parties are as follows:

## FINDINGS OF FACT

1. Rule 21E-12.08, Florida Administrative Code, a rule of the Construction Industry Licensing Board, was adopted in compliance with the procedural requirements of Chapter 120, Florida Statutes. This rule was effective on Jauary 6, 1980, and was amended on December 19, 1982.

2. On or about January 19, 1983, an order of the Construction Industry Licensing Board imposed fines of $2,000 on each of the Petitioners. This order did not specify a time certain by which these fines were to be paid. This order was appealed, and on or about April 4, 1984, a Mandate was issued by the Fourth District Court of Appeal which affirmed the order.

3. On or about April 12, 1984, the Executive Director of the Construction Industry Licensing Board hand-delivered to each of the Petitioners a letter dated April 12, 1984, which stated in part "You shall pay an administrative fine in the amount of $2,000 within 30 days to the Executive Director, Florida Construction Industry Licensing Board. . . ."

4. These fines have not been paid.

5. Rule 21E-12.08, Florida Administrative Code, cites as authority therefor Sections 455.227(2) and 489.129(2), Florida Statutes.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the

178

parties to and the subject matter of this proceeding pursuant to Section 120.56, Florida Statutes.

2. Each of the Petitioners is in violation of the first portion of Rule 21E-12.08, Florida Administrative Code, which requires payment of a civil fine within 30 days; thus, they have clear standing to challenge the validity of this portion of the rule. Although the record does not reflect that the Petitioners have been placed in jeopardy of further disciplinary action from their failure to pay the fines, the Petitioners are in sufficient peril from this method of enforcement to have standing to challenge the validity of the last sentence of the subject rule. *Professional Firefighters of Florida, Inc., et al. v. Department of Health and Rehabilitative Services*, 396 So.2d 1194 (Fla. 1st DCA 1981).

3. Rule 21E-12.08, Florida Administrative Code, provides:

21E-12.08 Time for payment of Civil Penalties. In cases where the Board imposes a civil penalty for violation of Chapter 455 or Part I of Chapter 489, Florida Statutes, or of the rules promulgated thereunder, the penalty shall be paid within 30 days of its imposition by order of the Board, unless a later time for payment is specified in the Board's Order. Failure to pay the penalty within the time specified in this rule or in the Board's Order shall constitute grounds for disciplinary action against the licensee.

4. Section 455.227(2), Florida Statutes, provides:

(2) In addition to, or in lieu of, any other discipline imposed pursuant to this section, the board may impose an administrative fine not to exceed $1,000 for each violation. In any case where the board imposes a civil penalty and the penalty is not paid within a reasonable time, such reasonable time to be prescribed in the rules of the board, the Department of Legal Affairs shall bring, upon request by the board, a civil action to recover the penalty.

5. Section 489.129(1), Florida Statutes, authorizes the Board to impose an administrative fine not to exceed $5,000 when a licensee is found guilty of acts specified in subsections (a) through (m). Section 489.129(3), Florida Statutes, authorizes the Board to specify by rule the acts or omissions which constitute violations of this section. The only subsection of this statute which the subject rule might be construed to supplement in subsection (j) authorizing discipline for "[F]ailure in any material respect to comply with the provisions of this act." However, Section 489.129(1), Florida Statutes, does not specify that an administrative fine must be paid; it simply authorizes the imposition of such a fine. Thus, the failure to pay cannot by rule be made a separate violation subject to additional administrative penalty.

6. The Board is not without the power to enforce its orders and to collect its fines. One of the Board's statutory remedies for the collection of administrative fines is found in Section 455.227(2), Florida Statutes, which authorizes the Department of Legal Affairs to bring a civil action to recover the penalty. In addition, Section 120.69, Florida Statutes, authorizes an agency to seek enforcement of its orders in the Circuit Court. However, there has been cited no statutory authority for the Board to promulgate a rule making no-payment of an administrative fine a separate ground for further administrative discipline.[1]

7. An administrative agency such as the Construction Industry Licensing Board, being a creature of statute, has only such power as the statutes confer. *Gulfstream Park v. Department of Business Regulation*, 443 So.2d 113 (Fla. 3rd DCA 1983) and cases cited therein. Administrative agencies have no inherent power to promulgate rules and must derive this power from a statutory base. Section 120.54(14), Florida Statutes, provides:

(14) No agency has inherent rulemaking authority; nor has any agency authority to establish penalties for violation of a rule unless the Legislature, when establishing a penalty, specifically provides that the penalty applies to rules. However, an agency may adopt rules necessary to the proper implementation of a statute prior to the effective date of the statute, but the rules may not be enforced until the statute upon which they are based is effective.

8. Since the Construction Industry Licensing Board has promulgated the last sentence of the subject rule without statutory authority, this portion of the rule is an invalid exercise of delegated legislative authority.[2]

Based upon the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED that the following last sentence of Rule 21E-12.08, Florida Administrative Code, constitutes an invalid exercise of delegated legislative authority, and is thus invalid: "Failure to pay the penalty within the time specified in the Board's Order shall constitute grounds for disciplinary action against the licensee."

---

[1] Such authority, for example, has been granted to the Florida Real Estate Commission by Section 475.25(e), Florida Statutes, which permits additional administrative discipline when a licensee "[H]as violated any of the provisions of this chapter *or any lawful order or rule* made or issued under the provisions of this chapter. . . ." (Emphasis added)

[2] Section 120.56(3), Florida Statutes, authorizes the declaration of a portion of a rule to be invalid.