546 So.2d 27 (1989)
COALITION OF MENTAL HEALTH PROFESSIONS, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Board of Clinical Social Work, Marriage and Family Therapy and Mental Health Counseling, and Florida Psychiatric Society, Inc., South Florida Psychiatric Society, Inc., Florida Medical Association, Inc., and Richard E. Gordon, M.D., and Florida Psychological Association, Appellees.
No. 89-630.
District Court of Appeal of Florida, First District.
June 20, 1989.
Paul Watson Lambert of Taylor, Brion, Buker & Greene, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and David M. Maloney, Asst. Atty. Gen., Tallahassee, for appellee Dept. of Professional Regulation, Bd. of Clinical Social Work, Marriage and Family Therapy and Mental Health Counseling.
Michael W. Dugger, Tallahassee, for appellees Florida Psychiatric Soc., Inc., South Florida Psychiatric Soc., Inc., and Richard E. Gordon, M.D.
*28 Linda McMullen of McFarlain, Sternstein, Wiley & Cassedy, P.A., Tallahassee, for appellee Florida Psychological Ass'n.
ZEHMER, Judge.
The Coalition of Mental Health Professions[1] appeals a final order denying it the right to participate as an intervenor in administrative proceedings to challenge the validity of certain rules proposed by the Board to implement its statutory power to regulate members of the Coalition. These proceedings were initiated pursuant to section 120.54(4), Florida Statutes (1987), by certain appellees, including the Florida Psychiatric Society, Inc., and the Florida Psychological Association, to challenge the validity of three rules which propose to define the practices of clinical social workers, marriage and family therapists and mental health counselors, respectively. The hearing officer denied the Coalition intervention for lack of standing, noting that "the Coalition does not take the position that the proposed rules enlarge, modify, or restrict the scope of practice authorized and regulated by Chapter 491" and thus
... the Coalition of Mental Health Professions has failed to allege how its substantial interests would be affected by the promulgation or non-promulgation of the proposed rules under consideration in this cause and has failed to meet the test for standing enunciated in Florida Home Builders Association vs. Department of Labor and Employment Security, 412 So.2d 351 (Fla. 1982); Professional Firefighters of Florida vs. Department of Health and Rehabilitative Services, 396 So.2d 1194 (Fla. 1st DCA 1981); Florida Medical Association vs. Department of Professional Regulation, 426 So.2d 1112 (Fla. 1st DCA 1983); State of Florida, Board of Optometry, et al. vs. Florida Society of Opthomology [sic], et al., [538 So.2d 878] (Fla.1st DCA December 19, 1988)...
(R. 92).
We reverse upon the holding that appellant's members, being subject to and regulated by the proposed rules, have party status in these rule-making proceedings, not just as intervenors allowed to participate in the discretion of the hearing officer under § 120.52(12)(c), but as persons "whose substantial interests will be affected by proposed agency action" under § 120.52(12)(b) and thus are "substantially affected persons" within the meaning of § 120.54(4). The fact that appellant's members will be regulated by the proposed rules is alone sufficient to establish that their substantial interests will be affected and there is no need for further factual elaboration of how each member will be personally affected. Since the motion to intervene shows without contradiction or dispute that members of the Coalition will be so affected, the Coalition's right to party status is established. Florida Home Builders Ass'n v. Department of Labor and Employment Security, 412 So.2d 351 (Fla. 1982). The Coalition was not required to allege precisely how, or even whether, the rules modified, enlarged or restricted the scope of practice by its members so long as it was made apparent that their conduct was regulated by the proposed rules. In this sense, therefore, this case presents the opposite of the question decided in State, Board of Optometry v. Florida Society of Ophthalmology, 538 So.2d 878 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1333 (Fla. 1989), where the rules involved did not purport to regulate the ophthalmology associations asserting party status. Cf., Florida Society of Ophthalmology v. State Board of Optometry, 532 So.2d 1279 *29 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1333 (Fla. 1989).
The order denying intervention is REVERSED and the cause is REMANDED for further proceedings.[2]
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] The Coalition consists of several associations, including the National Association of Social Workers Florida Chapter, The Florida Society for Clinical Social Work, The Florida Association for Marriage & Family Therapy, The Florida Mental Health Counselors Association, The Florida Association for Counseling & Development, The American Association of Sex Educators, Counselors & Therapists, and the Florida Sex Therapy Association, whose membership includes people licensed pursuant to chapter 491, Florida Statutes. Persons licensed under that chapter are statutorily subject to the rules adopted by the Board of Clinical Social Work, Marriage and Family Therapy, and Mental Health Counseling [hereafter referred to as Board] for the purposes of implementing and enforcing the statutory provisions of that chapter. § 491.004, Fla. Stat. (1987).
[2] Certain appellees have suggested that this appeal is now moot in view of the passage during the recent session of the legislatute of Senate Bill 216, which contains definitions covering the subject matter of the proposed rules, and the Board's subsequent decision to withdraw the proposed rules. However, we have not been furnished with any order terminating the administrative proceeding below, and thus have jurisdiction to decide the standing issue in this case.