651 So.2d 1236 (1995)
Gerald M. WARD, Appellant,
v.
BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND, and Department of Environmental Protection, Appellees.
No. 94-0621.
District Court of Appeal of Florida, Fourth District.
March 8, 1995.
*1237 William E. Guy, Jr., Stuart, for appellant.
Kenneth J. Plante, General Counsel, and Barrie J. Sawyer, Asst. General Counsel, Tallahassee, for appellees.
PER CURIAM.
Appellant filed a section 120.54, Florida Statutes (1993), rule challenge petition to challenge the validity of proposed amendments to Florida Administrative Code Rules 18-20.003 and 18-20.004, which relate to constructing docks in aquatic preserves, as well as the corresponding economic impact statement. The hearing officer dismissed appellant's amended petition for lack of standing, finding that it failed "to sufficiently allege facts sufficient to show that the person challenging the proposed rule would be substantially affected by it." We reverse and remand as to the proposed amendments and affirm as to the economic impact statement.
Section 120.54(4) grants to "[a]ny substantially affected person" standing to challenge the validity of a proposed agency rule "on the ground that the proposed rule is an invalid exercise of delegated legislative authority." In order to meet the substantially affected test of section 120.54(4), the petitioner must establish: (1) a real and sufficiently immediate injury in fact; and (2) "that the alleged interest is arguably within the zone of interest to be protected or regulated." See All Risk Corp. of Fla. v. State, Dep't of Labor & Employment Sec., 413 So.2d 1200 (Fla. 1st DCA 1982).

A. The Real and Sufficiently Immediate Injury in Fact Element

To satisfy the sufficiently real and immediate injury in fact element, the injury must not be based on pure speculation or conjecture. See, e.g., Professional Firefighters of Fla., Inc. v. Department of Health & Rehabilitative Servs., 396 So.2d 1194 (Fla. 1st DCA 1981).
A real and sufficiently immediate injury in fact has been recognized where the challenged rule or its promulgating statute has a direct and immediate effect upon one's right to earn a living. The clearest example of this is where the challenged rule directly regulates the challenger's occupational field per se by, for example, setting criteria to engage in that profession. See, e.g., Coalition of Mental Health Professions v. Department of Professional Regulation, 546 So.2d 27 (Fla. 1st DCA 1989); Professional Firefighters, 396 So.2d at 1196.
However, even where a challenged rule or its promulgating statute does not regulate the challenger's profession per se by, for example, setting criteria to engage in that profession, but the rule has the effect of directly regulating the professional conduct of persons within such occupation, such challenger has been found to be substantially affected. See State, Dep't of Health & Rehabilitative *1238 Servs. v. Alice P., 367 So.2d 1045, 1052 n. 2 (Fla. 1st DCA 1979) (rule terminating federal funding for certain types of abortions substantially affected abortion clinic physician whose number of patients was reduced); see also Florida League of Cities, Inc. v. Department of Envtl. Regulation, 603 So.2d 1363, 1366-67 (Fla. 1st DCA 1992) (rule setting standards for management of wastewater residuals substantially affected cities that owned and operated wastewater treatment facilities).
Appellant's amended petition stated that appellant is a professional engineer who frequently designs piers and docks in the aquatic preserves. The petition further asserted that the proposed rules directly regulate appellant's building of docks and piers in the preserves. The injuries alleged by appellant's amended petition include that the proposed rules would result in economic and administrative adverse impact to appellant; would undermine appellant's ability to meet his chapter 471 statutory duty to design safe docks and piers; and would unlawfully encroach upon appellant's engineering practice.
We conclude that appellant alleged injuries in fact that are sufficiently immediate and direct to establish that he would be substantially affected by the proposed rules. It is clear that appellant would be immediately affected by these rules relating to the construction of docks in the aquatic preserves in that he must comply with them.
Moreover, section 471.033, Florida Statutes (1993), subjects appellant to disciplinary action for negligence in the practice of engineering. Such negligence includes appellant's failure "to utilize due care in performing in an engineering capacity." Fla. Admin. Code R. 21H-19.001(3). Therefore, appellant's construction of docks in accordance with the standards of the challenged rules in and of itself would constitute the failure "to utilize due care in performing in an engineering capacity" if appellant believed that such docks would be unsafe. This is essentially what appellant contended in his assertion that the rules would undermine his ability to design safe docks and piers. Appellant need not comply with the rules and suffer the resulting injury in order to obtain standing to challenge the rules. See Professional Firefighters, 396 So.2d at 1195.

B. The Zone of Interests Element

The general rule regarding the zone of interest element of the substantially affected test is that such element is met where a party asserts that a statute, or a rule implementing such statute, encroaches upon an interest protected by a statute or the constitution. Florida Medical Ass'n v. Department of Professional Regulation, 426 So.2d 1112, 1117 (Fla. 1st DCA 1983). In the context of a rule challenge, the protected zone of interest need not be found in the enabling statute of the challenged rule itself. Id. "Since the crux of [a rule challenge] controversy involves the claim that [the enabling statute] does not authorize the rule, it is obvious that the effect of other statutes must be considered in determining standing." Id. (explaining that standing in rule challenges is different from that in licensing or permitting proceedings).
In Florida Medical Ass'n, a physician asserted that a proposed rule permitting optometrists to administer certain drugs was an invalid exercise of delegated authority because nothing in chapter 463 of that time, which governed optometry and promulgated the challenged rule, authorized optometrists to administer or prescribe medication. Rather, physicians had the exclusive right to do so under chapter 458, which governed physicians. These health care field statutes "delineat[ed], to a great extent, the relative rights and privileges of health care professionals." Id. at 1117. Thus, the court's ruling that the physician had standing to challenge the proposed rule was premised "upon [the physician's] rights as a licensed physician, and his rights derived from Chapter 458 to challenge interpretations of that Chapter or other laws which would allow medical practices in derogation of the purpose and intent of those laws." Id. at 1118.
In the instant case, the challenged rules purported to implement the aquatic preserve act, which is sections 258.35 through 258.46, Florida Statutes (1993). The aquatic preserve act neither expressly authorizes *1239 nor prohibits appellee from promulgating rules regarding construction standards.
Analogous to chapter 458 delineating the rights and responsibilities of physicians in Florida Medical Ass'n, in the immediate case, chapter 471 delineates the rights and responsibilities of engineers. In what might be viewed as the flip side of the rights granted to the physician by chapter 458 in Florida Medical Ass'n, chapter 471 can be viewed as providing appellant with the protected interest or right to practice his profession free from disciplinary proceedings if he follows the responsibilities and standards imposed upon him by chapter 471. Furthermore, the legislative purpose of chapter 471 reads: "The Legislature finds that, if incompetent engineers performed engineering services, physical and economic injury to the citizens of the state would result and, therefore, deems it necessary in the interest of public health and safety to regulate the practice of engineering in this state." § 471.001, Fla. Stat. (1993). Thus, chapter 471 provides appellant's protected zone of interest.
We conclude that appellant has satisfied the zone of interest test because his claims essentially assert that the proposed rules encroach upon his interests under chapter 471 and are contrary to the purpose and intent of those laws. Thus, appellee's arguments that appellant's alleged injury is not the type of injury sought to be protected by the aquatic preserve act is, even if true, misplaced.
In sum, the hearing officer erred in denying appellant standing to challenge the validity of the proposed rules pursuant to section 120.54(4). Since the rules are already in effect, we reverse and remand this cause with direction that appellant be granted standing to institute a rule challenge under section 120.56. Section 120.56 provides for challenges to existing rules rather than proposed rules. The standing criteria are the same.
We find no merit in appellant's second issue on appeal regarding his lack of standing to challenge the corresponding economic impact statement.
DELL, C.J., and GLICKSTEIN and POLEN, JJ., concur.