NESBITT, Judge,
dissenting:
I respectfully dissent. Silver Express Company, having elected to pursue its administrative remedy which could have been full, complete, and adequate, had it been followed to its ultimate conclusion, should not have been permitted to change course and seek the trial court’s direct judicial intervention.
Reviewing the facts, Silver Express was the incumbent in a request for proposal (RFP) process undertaken by Miami-Dade Community College (MDCC) to award a contract for aviation services of MDCC’s private pilots’ curriculum. Three companies submitted proposals and MDCC’s director of purchasing appointed several staff members and one non-MDCC employee to review all the proposals for a technical recommendation to the MDCC Board of Trustees [board] of which proposal to accept.
On October 30, 1995, the evaluation committee met to review the proposals without notifying the proponents of the time and place of the meeting. The committee ranked appellee Husta International Aviation, Inc. first and Silver Express was ranked third. On November 8, 1995, the purchasing director issued a recommendation to the board to award the contract to Husta. On November 6, 1995, Silver Express timely gave written notice to MDCC that it intended to protest the recommendation. On November 16, 1995, Silver Express filed its formal protest of the decision, in response to which, on November 22, 1995, MDCC issued to Silver Express an order to show cause. On December 6, 1995, MDCC requested a hearing officer be appointed to consider the protest.
On December 13, 1995, Silver Express took the deposition of MDCC’s purchasing manager. It was then, according to Silver Express, that it was alerted to the possibility of a Sunshine Law violation. § 286.011, Fla. Stat. (1995). On January 8, 1996, MDCC moved in limine to exclude the claim of a Sunshine Law violation, citing to section 120.53(5)(b) Florida Statutes(1995) and arguing: “The hearing officer should not allow Silver Express to offer evidence on issues other than the ones framed in its pleadings.”
On January 10, 1996, Silver Express submitted its pre-hearing catalogue, in it contending the contract award to Husta violated the Sunshine Law. On January 10-11, 1996, the hearing officer conducted the required evidentiary hearing. Silver Express sought to amend its formal protest to include the Sunshine Law violation claim. MDCC again argued that this was a ground not stated with particularity within the time limits prescribed in section 120.53(5)(b), Florida Statutes (1995). The hearing officer indicated he was inclined to accept MDCC’s argument that issues should be limited to those raised in pleadings.
Thereafter, notwithstanding the ongoing administrative action, on January 23, 1996, post hearing, but before the hearing officer had made his final recommendation, Silver Express brought suit in circuit court alleging the same Sunshine Law violation.
On February 12,1996, Silver Express submitted to the hearing officer proposed facts and law and a recommended order. At that time Silver Express also notified the administrative proceeding that it was withdrawing its Sunshine Law claim, however this action was taken weeks after the administrative hearing, and with full knowledge of the hear *1103 ing officer’s stated inclination to limit the hearing to those matters raised in the formal protest. Of course, by this time the agency had been put to the task of defending the issue in the administrative hearing. See Williams v. Robineau, 124 Fla. 422, 168 So. 644, 646 (Fla.1936) (explaining an election of remedies has matured when the rights of the parties have been materially affected to the advantage of one or the disadvantage of the other).
On February 29, 1996, the hearing officer issued his recommended order, giving an account of the evidentiary hearing including his action at the time of advising that he “tended to agree that the issue should be limited to those that are specified ... in notice of formal protest.” In the circuit court action, following evidentiary hearings, the trial judge determined that the evaluation process did not violate the Sunshine Law and denied the motion for temporary injunction. Consequently, both parties litigated in an unneeded trial court proceeding as well as the instant appeal which followed.
As observed in The Florida Bar, Florida Administrative Practice, § 4.10 at 4-12 (4th ed. 1995):
A petitioner may amend the petition, as of right, at any time “prior to the Agency’s designating the presiding officer.” Fla.Admin.Code Model Rule 28-5.202. Amendment after such designation or after the agency has referred the matter to the division is allowed only on order of the hearing officer, Rule 60Q-2.004(4), or other presiding officer, Rule 28-5.202. Amendments should be liberally allowed. Anthony Abraham Chevrolet Co. v. Collection Chevrolet, Inc., 533 So.2d 821 (Fla. 1st DCA 1988); All Risk Corp. Of Florida v. State, Dept. Of Labor & Employment Security, Division of Workers’ Compensation, 413 So.2d 1200 (Fla. 1st DCA 1982). It can be argued that amendments that substantially alter the nature of the issues and proceedings, if offered after the ease is referred to the division, should be scrutinized carefully because an agency might have chosen a different forum under those circumstances. Nonetheless, it has been held an abuse of discretion to deny a motion to amend that raises new issues, even if it is filed on the day the hearing is scheduled to commence, absent a showing of prejudice to other parties. Key Biscayne Council v. State, Dept. of Natural Resources, 579 So.2d 293 (Fla. 3d DCA 1991).
As stated above, while it is true that the formal bid protest, which was required to have been filed within ten days of notice of intent to protest, did not contain a challenge of the Sunshine Law, subsequent pleadings sought to so amend. The hearing officer had discretion to permit such an amendment and this was the argument that should have been made and pursued in the administrative hearing. The Sunshine Law violation was the sine qua non of the instant bid protest, given the fact that the committee had ranked Silver Express third, and as such, the company lacked the standing to succeed on its other claims of error in the committee’s decision.[3] See Preston Carroll Co., Inc. v. Florida Keys Aqueduct, 400 So.2d 524 (Fla. 3d DCA 1981).
Since the bid protest, as amended, raised no facial constitutional challenge, there was no need for direct judicial intervention. The hearing officer’s or agency’s inability to issue an injunction did not render the administrative remedy any less viable. In sum, Silver Express having elected its administrative remedy should have pursued it to its outcome. See Lowry v. Logan, 650 So.2d 653 (Fla. 1st DCA) (observing doctrine of election of remedies provides one electing should not later be permitted to avail himself of an inconsistent course), review denied, 659 So.2d 1087 (Fla.1995). Even if the hearing officer had ultimately ruled incorrectly, prohibiting amendment, that error could have been swiftly rectified on appeal, given the blatant Sunshine Law violation, and the particular disability Silver Express suffered by that deficiency. Silver Express had an absolute need for the hearing contemplated by the Sunshine Law in order to explain why its bid *1104 was superior notwithstanding its third rank status.
I cannot accept the premise espoused by the court today that alter going to final hearing on its administrative protest and hearing the administrative officer’s stated inclination to agree with the college, a bidder like Silver Express may then bring an action in circuit court pursuant to section 286.011, Florida Statutes (1995). I see no legislative intent to give a litigant like Silver Express “two bites at the apple.” Section 286.011 was adopted by the legislature out of respect for the common law rule recognized in Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917) which prevented a member of the public without “special injury” from seeking redress in different kind and degree than other members of the public. The purpose of the statute is to give even a citizen without “special injury” “standing” to challenge a Sunshine Law violation. A party like Silver Express who has the ability to allege a “special injury,” does not need that provision of the statute to authorize an initial entry into the judicial system if it so desires. I cannot agree the statute was designed to afford a litigant like Silver Express an additional and cumulative remedy.
I nonetheless agree that a private litigant like Silver Express was given the opportunity, because of the breadth of the statute, to bring an initial challenge directly in the circuit court without having to resort to its administrative remedy. But having elected an administrative remedy which was fully viable, and having abandoned it in the eleventh hour, the doctrine of election of remedies precludes it from having both avenues of redress. See Armour & Co. v. Lambdin, 154 Fla. 86, 16 So.2d 805 (1944) (observing election of remedies is the adoption of one or more coexisting remedies with the effect precluding resort to the other.)
Consequently, I would affirm the denial of Silver Express’s motion for temporary injunction.

. This is evidenced by our affirmance of Silver Express’ companion appeal of the order rejecting its administrative claim, Silver Express v. District Bd. of Trustees of Miami Dade Comm. Col., No 96-848, 691 So.2d 14 (Fla. 3d DCA 1997).