917 So.2d 358 (2005)
A. Alexander JACOBY, M.D., Appellant,
v.
FLORIDA BOARD OF MEDICINE, Appellee.
No. 1D05-419.
District Court of Appeal of Florida, First District.
December 29, 2005.
*359 A. Alexander Jacoby, M.D., Pro Se.
Charlie Crist, Attorney General, Edward A. Tellechea, Senior Assistant Attorney General, and Amanda Proffitt, Certified Legal Intern, Office of the Attorney General, Tallahassee, Attorneys for Appellee.
THOMAS, J.
Appellant seeks review of the finding of the Division of Administrative Hearings that he does not have standing to initiate a rule challenge. We reverse.
Appellant, a physician with a valid New York medical license, applied for a Temporary Certificate for Practice in Areas of Critical Need in 2003. Appellee Florida Board of Medicine ("Board") denied the application because Appellant's New York license had been disciplined for failure to pay student loans over an 18-year period. As a result, Appellant was placed on probation.
Appellant's appeal of the Board's denial of his application is currently pending before this court. Before appealing the denial of his license, Appellant challenged rules 64B8-8.001(1), (2), and (2)(b), Florida Administrative Code, relating to licensure restrictions and the Board's non-rule policy of denying a license to anyone with a probationary license in another state. The Division of Administrative Hearings found that Appellant did not present sufficient facts to show that he had standing to initiate the rule challenge. Those findings are based on findings of fact which are subject to a competent, substantial evidence review, while findings that are interpretations of relevant law are subject to a de novo review. Fla. Bd. of Med. v. Fla. Acad. of Cosmetic Surgery, Inc., 808 So.2d 243 (Fla. 1st DCA 2002).
*360 Section 120.56, Florida Statutes (2004), allows any person who is substantially affected by a rule or agency statement to initiate a challenge. To establish standing under the "substantially affected" test, a party must show (1) that the rule or policy will result in a real and immediate injury in fact, and (2) that the alleged interest is within the zone of interest to be protected or regulated. Fla. Bd. of Med., 808 So.2d at 250.
We find that Appellant meets the immediate injury prong of the "substantially affected" test. We note that Appellee cites Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978), in support of its position that Appellant's application is subject to speculation and conjecture, and therefore does not satisfy this prong. Appellee argues that Appellant has already been denied a license and can only be injured again after reapplication. However, it is important to note that Jerry involved an individual who was not affected by the rule at the time suit was filed and was unlikely to be affected in the future. Here, Appellant has been adversely affected by the rule, as his license was denied, and he may apply again in the future. Thus, Appellant is subject to the licensing rules and policies of the state as a potential applicant, and he has already suffered an immediate impact because of those rules and policies. Fla. Med. Ass'n, Inc. v. Dep't of Prof'l Reg., 426 So.2d 1112 (Fla. 1st DCA 1983) (finding a real and immediate injury in fact where the rule has an impact on one's right to earn a living). Therefore, Appellant does meet the immediate injury prong.
Appellant also meets the second prong of the "substantially affected" test, as he is within the zone of interest to be protected or regulated. As noted by this court, if an individual is affected by licensing rules because that individual works in the area that is regulated, the "substantially affected" requirement is satisfied. Prof'l Firefighters of Fla., Inc. v. Dep't of Health and Rehab. Serv., 396 So.2d 1194, 1195 (Fla. 1st DCA 1981). Although Firefighters involved individuals who were currently employed as firefighters challenging a change in licensure requirements, this court took into account the impact on the firefighters' ability to earn a livelihood. Id. at 1196. Such is the case here, where the rules impact Appellant's ability to work in Florida.
We find, therefore, that Appellant meets both prongs of the "substantially affected" test and, accordingly, does have standing to assert the rule challenge. Therefore, we REVERSE and REMAND this case to the Division of Administrative Hearings to proceed with Appellant's rule challenge.
REVERSED and REMANDED.
ALLEN and WEBSTER, JJ., concur.