ERVIN, Judge.
We previously remanded this case to the Department of Banking and Finance for explication of its policy decision denying a charter to petitioners. McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). The Department’s order discarded without explanation the findings of fact of the hearing examiner’s order recommending that the charter be issued, and held that petitioners’ application failed to comply with the requirements of Section 659.03(2)(b), Florida Statutes (1977), that the proposed bank show a reasonable promise of success. We found the Department’s final order insufficient in two areas: 1. In failing to explain the apparent inconsistency in the Department’s 1975 decisions granting applications to banks in counties having less favorable deposit rates than Pasco County banks. 2. In failing to explain its reasons for disregarding the testimony of a former bank examiner who had concluded that conditions in Pasco County in 1975 would produce a reasonable promise of profit for the proposed bank.
Having reviewed the Department’s revised order following remand, we find that it now sufficiently explicates “policy within the agency’s delegated discretion.” Section 120.68(7), Florida Statutes (1977). As to the Department’s apparent inconsistent policy in granting bank charters in other areas having smaller percentage rates of deposit growth, the revised order stated:
The Hearing Officer gave weight to the finding that Pasco County reported a higher rate of increase in deposits than the rates reported in three counties where bank charters had been granted by the Department. Respondent duly noted this finding but, while Respondent agrees it should be considered, this finding represents only one of many economic indicators and therefore cannot and should not be used as the only basis for charter approval. Furthermore, the finding may be determined to be misleading under close scrutiny. The increases are expressed as percentage rates of growth. Pasco County with a much smaller population and bank deposit base than Duval, Polk or Hillsborough counties will show a larger percentile increase when actually reporting an identical increase in dollar amounts. Because the deposit base for the increase is correspondingly smaller in Pasco County, it would take less in the way of deposit growth there to show a larger percentile increase than it would in the more populous counties mentioned above. Another point worth noting is that the comparison on which the finding was based was an intra-county comparison of county-wide statistics. The results of such a comparison do not necessarily apply to limited trade areas even within the same county, let alone within different counties.
As to the failure of the Department to take into consideration the testimony of the former bank examiner, a Mr. Hieronymus, that the applicant’s projected figures demonstrate that local conditions could possibly produce a reasonable promise of profit, the Department stated that Mr. Hieronymus’ opinion did not state, as required by Section 659.03(2)(b), that the proposed bank would be assured a reasonable promise of successful operation. In the Department’s opinion it was quite possible for a bank to operate “on marginal profits without assuring an overall successful operation, . . and the Department must look to the total pic *201 ture to determine the proposed bank’s chances for successful operation. The revised order then gave a very detailed explanation of its reasons why local conditions did not assure the applicants a reasonable promise of successful operation. They include (1) that the applicants failed to present satisfactory evidence that operating income by the end of the third year would be no less than 1% of return on total assets, a banking industry norm of long standing; (2) that the evidence, as reflected in the hearing examiner’s recommended order, indicated a projected return at the end of the third year’s operation of $37,023, less than half that of the industry norm, or a return lower than 2.5% on the original capital invested, which, in the Department’s opinion, did not comply with the statutory standard; (3) that the proposed trade area was populated largely by retirees, who tend to use demand deposits less and time deposits more than the remainder of the population, thereby affecting the time deposit — demand deposit ratio a bank with such clientele might generate as well as the expenses which attend a high ratio of savings to demand deposits.
We recognize it is our “responsibility . to allow the agency full statutory range for its putative expertise and specialized experience.” McDonald v. Dept. of Banking and Finance, supra at 583. We also perceive that the statutory criterion under consideration “is less one of fact than of opinion which is highly charged with policy considerations for which the Department is responsible, . . .” McDonald at 584. We conclude, as we recently did in Fraser et al. v. Lewis, 360 So.2d 1116, No. GG-329 (Fla. 1st DCA, July 10, 1978), that the Department’s final revised order sufficiently explains its policy within its exercise of delegated discretion.
Petition for review is DENIED.
MILLS, Acting C. J., and BOOTH, J., concur.