504 So.2d 1301 (1987)
HOBE ASSOCIATES, LTD., a Florida Limited Partnership, Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS REGULATION, DIVISION OF FLORIDA LAND SALES, CONDOMINIUMS, AND MOBILE HOMES, Appellee.
No. BL-325.
District Court of Appeal of Florida, First District.
March 2, 1987.
Rehearing Denied April 22, 1987.
*1302 Lawrence W. Smith, of Gary, Dytrych & Ryan, P.A., North Palm Beach, for appellant.
Thomas Presnell, Jr., Tallahassee, for appellee.
David D. Eastman of Haben, Parker, Skelding, Costigan, McVoy & Labasky, Tallahassee, for Florida Manufactured Housing Ass'n, amicus curiae.
JOANOS, Judge.
In this administrative appeal, Hobe Associates, LTD. (Hobe), a mobile home park owner, seeks reversal of the decisions by the State of Florida, Department of Business Regulation, Division of Florida Land Sales, Condominiums and Mobile Homes (Division) which bind it to the January 1 rent increase date in its prospectus and deny the sufficiency of its Notice of Rent Increase, decisions which together precluded it from increasing the rent for the entire 1986 year. Appellant's arguments before this court are threefold:
1) The Division erred by denying Hobe's Petition for Formal Administrative Hearing, and the Division's actions prior to this denial were themselves final agency actions appropriate for judicial review.
2) Hobe should not be bound by the January 1 provision in Art. IX of his draft prospectus, and Rule 7D-31.01(5), Florida Administrative Code is invalid.
3) Hobe's August 12, 1985 Notice of Rent Increase is valid.
We agree in part and disagree in part. We affirm the hearing officer's denial of Hobe's Petition for Formal Administrative Hearing and find that the Division's actions towards appellant were informal and not final agency actions appropriate for judicial review. We further find that Rule 7D-31.05(5), Florida Administrative Code is valid and that Hobe is bound by the January 1 rent increase provision in Art. IX of the draft prospectus. However, due to recent legislation we find that Hobe's August 12, 1985 Notice of Rent Increase, effective January 1, 1986, is valid and therefore Hobe may pursue the collection of lost rent according to the new statutory guidelines.
The following events gave rise to Hobe's challenges before this court: Hobe bought the Haven Rest Home Park, (Park) in February 1985. A draft prospectus had been previously submitted to the Division by the previous owner's attorney. Contained in that prospectus was the provision:
Art. IX. "The base rent and other charges are subject to annual increases, effective each January 1st, with the park owner to furnish at least 90 days advance notice to the resident of any such increase." (emphasis supplied).
Prior to Hobe's purchase of Park, the Division notified the previous owner's attorney of deficiencies in the draft prospectus, some regarding this provision in "Art. IX." Hobe's attorney amended the draft prospectus to conform to the requirements set forth in the January 31, 1985 deficiency notice. Hobe's general partner erroneously thought that he was legally required to distribute the prospectus by March 15, 1985 and he distributed the prospectus in accordance with his understanding. After distribution of the prospectus, the general partner met with the tenants of the Park and explained that the prospectus was distributed for informational purposes only, as the Division was still reviewing the draft.
In April, 1985 Hobe distributed a Notice of Rent Increase to take effect on August 1, 1985. Hobe's general partner met with the Haven Rest Mobile Homeowners Association (Association) to explain the need for a rent increase, including an increase in operating expenses. In May 1985 the Association filed a complaint with the Division objecting to the August 1985 rent increase on the basis of the above quoted "Art. IX" provision.
Meanwhile Hobe's attorney inquired of the Division whether Hobe would be bound by the distributed draft prospectus. The record revealed that because the consents of the homeowners were not obtained, the Division did not permit Hobe to amend the prospectus by deleting the January 1 provision *1303 in "Art. IX." (Division's letters January 3, 1985, February 28, 1986). The Division determined that Hobe was bound by the January 1 provision in the draft prospectus and refused to approve the prospectus filing unless the January 1 rental increase date was reinserted. The Division also refused Hobe's request by letter to amend its position. To obtain approval of the prospectus, Hobe reinserted the January 1 date in Art. IX of the prospectus, and the Division gave its approval. The approved prospectus was not distributed to the homeowners.
Hobe was precluded from instituting the August rental increase for lack of an approved prospectus, but on August 12, 1985 Hobe distributed another Notice of Rent Increase, to take effect January 1, 1986. In a letter dated November 20, 1985, the Division formally determined that the August 12th notice was insufficient, but this was too late for Hobe to re-notice the tenants of a rental increase effective January 1, 1986. (Section 723.037(1), Florida Statutes (1985) requires 90 days notice). The Division concluded that the notice lacked a concise explanation of the reason for the rent increase as required by Rule 7D-32.02(1)(d) Florida Administrative Code. On December 6, 1985 Hobe filed a Petition for Formal Administrative Hearing with the Division.
The order being appealed which denied Hobe's petition was rendered January 8, 1986, and stated that Hobe's request for a formal administrative hearing was premature for at the time of the issuance of the hearing officer's order Hobe had not yet been notified of a pending rejection of its prospectus filing. In February 1986 the Division advised Hobe that it had received no further information from Hobe and that after 10 days it would reject the filing. In May 1986 formal proceedings to reject Hobe's amendment filing were initiated by the Division's filing and service of a Notice to Show Cause.
Appellant first argues that the actions by the Division affect its interests substantially and are immediately reviewable by this court, especially because the Division denied appellant's request for an administrative hearing. Appellant cites Chapter 120.68, Florida Statutes which provides that a party who is adversely affected by final agency action is entitled to judicial review. We agree with the hearing officer that the Division's actions were not final, and find as did the hearing officer in his Order Denying Petition for a Formal Administrative Hearing, that the Division's letters dated July 25th and November 20th were sent to Hobe for the purpose of assisting Hobe in assessing its rights, and were informational in nature only.
A review of both letters from the Division reveals, as appellee asserts, that the Division was supplying appellant with legal information with which to accurately draft its prospectus and Notice of Rent Increase. The Division added in the July 25th letter that once the corrections were received, every effort would be made to expedite the file. Again in the November 20th letter, the Division describes to appellant how to make its Notice of Rental Increase more specific according to statutory requirements and requests a written response from appellant within 15 days. As the hearing officer notes, the language of the letters did not have the attributes of a rule or order. Also, it is obvious from the letters that neither the prospectus nor the Notice of Rent Increase were rejected in their entirety. We agree with the Division that neither of the letters constitutes final agency action ripe for judicial review as described in § 120.68, Florida Statutes.
Appellant cites Harris v. Florida Real Estate Commission, 358 So.2d 1123 (Fla. 1st DCA 1978), cert. denied 365 So.2d 711 (Fla. 1978) to support its position that the letters from the Division constituted final agency action. However, appellee correctly distinguishes Harris. Unlike the instant case, in Harris the Florida Real Estate Commission (FREC) denied appellant's request to register its corporation names based on a directive resulting from a meeting of the FREC. Appellant petitioned to have the directives declared invalid and the Commission asserted that there had been no final agency action which was subject to *1304 appellate review. However, in oral argument the Commission conceded that refusal to register Harris' trade name was a final agency action and this court agreed. In the instant case, the Division had not acted to entirely prohibit Hobe from filing a prospectus or issuing a Rent Increase Notice.
General Development Utilities, Inc. v. Florida Department of Environmental Regulation, 417 So.2d 1068 (Fla. 1st DCA 1982) cited by Hobe for support is also distinguishable. The facts reveal that the Department of Environmental Regulation (Department) sent a letter to General Development Utilities Inc. (GDU) putting it on notice that it had been assigned a "zero waste load allocation" as a result of Department studies. The letter warned that unless GDU submitted a schedule for meeting the effluent limits prior to its expiration of operating permits, it stood in jeopardy of not having its permits renewed. In its petition for a formal hearing, GDU asserted that the Department's methods for allocation were arbitrary and capricious. GDU's petition was denied on grounds that the letter was informational only. This court held that the letter was final agency action constituting a final order. Therefore, GDU was entitled to a prompt opportunity to challenge the disputed material issues of fact in a § 120.57 hearing. In the instant case the Division's letters did not constitute a warning and Hobe did not specify the disputed issues of material fact which he alleges the letters contain. Also, contrary to appellant's argument, a declaratory statement from the Division would have been a direct final agency action entitling Hobe to the hearing he was seeking, so would not be a "point of entry so remote from final agency action as to be ineffectual". 417 So.2d at 1070.
Further, section 120.57 Florida Statutes (1985) states that "unless waived by all parties subsection (1) [Formal Proceedings] applies whenever the proceeding involves a disputed issue of material fact." The hearing officer states and the record reveals, that appellant's petition for administrative hearing did not contain a suggestion of disputed issue of material fact. Rather Hobe's petition outlined the exchange of letters between the parties and requested that 1) the Division allow it to amend its prospectus by deleting reference to January 1 as a rental increase date, and 2) the Division determine that its Notice of Rental Increase was sufficient. The Division persuasively argues that therefore Hobe was not at that time entitled to an administrative hearing, for only if there is a disputed issue of material fact must the agency provide a trial type hearing upon request. McDonald v. Department of Banking & Finance, 346 So.2d 569, 578 (Fla. 1st DCA 1977), appeal after remand, 361 So.2d 199 (Fla. 1st DCA 1978), cert. denied 368 So.2d 1370 (Fla. 1979) (Emphasis supplied). The hearing officer's findings of facts are to be honored if they are supported in the record by competent substantial evidence. Id. We find that such evidence exists in the record before us.
Also the Division persuasively argues that after receiving the November 20th letter, Hobe could have disregarded the Division's advice and implemented the rental increase, then contested the agency's action in an appropriate § 120.57 hearing if the Division did act to enforce its position. After such a hearing Hobe could appeal the agency's final order pursuant to § 120.68, Florida Statutes if Hobe lost before the agency. Alternatively, Hobe could have petitioned the agency for a declaratory statement pursuant to § 120.565, Florida Statutes and Rule 7-3.01 Florida Administrative Code. A declaratory statement is a final agency action which could also have been appealed. In its order denying Hobe's petition for administrative hearing, the Division invited Hobe to notify it within 14 days if it desired a declaratory statement, and explained that the Division would treat Hobe's counsel's letters as a request for declaratory statement concerning the applicability of Rule 7D-32.02, Florida Administrative Code. (Notice of Rent Increase Requirements). The Division further invited appellant to provide it with additional oral or written legal argument to consider before rendering a declaratory statement.
*1305 The Division also argues persuasively, that if appellant wanted to challenge agency rules as an invalid delegation of legislative authority, the appropriate procedure would have been to file a rule challenge before the Division of Administrative Hearings pursuant to § 120.56, Florida Statutes (1985). Following the administrative determination under the above statute, judicial review could have been had pursuant to § 120.68 Florida Statutes (1985) which also would have resulted in final agency action. State, Department of Administration v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977). However appellant did not pursue this course of action.
When material facts are not in dispute, an agency is not required to grant a formal proceeding and is free to insist that the matter be handled by informal proceedings. Village Saloon v. Division of Alcoholic Beverages and Tobacco, Department of Business Regulation, 463 So.2d 278, 285 (Fla. 4th DCA 1984). We find that the letters from the Division did not constitute final agency action and the hearing officer correctly denied appellant's petition for a formal administrative hearing. We further find that appellant communicated continually with the Division in an informal manner facilitating the resolution of its prospectus and rent increase issues through an exchange of letters. Therefore Hobe may not now skip from the very informal proceedings it encouraged to formal appellate review for resolution by labelling the Division's letters final agency action.
Next Hobe contends that it should not be bound by the January 1 provision found in Art. IX of the previous owner's prospectus and its own draft prospectus. We disagree. The Division argues persuasively that Hobe was required by § 723.011(2) Florida Statutes (1985) to distribute its prospectus to tenants upon execution of the rental agreement or at the time of occupancy, whichever occurs first. Likewise the Division persuasively points to § 723.059(3) Rights of Purchaser, Florida Statutes (1985) to support its claim that a purchaser of a mobile home has a right to assume the remainder of any rental agreement in effect between the mobile home park owner and the seller and shall be entitled to rely on the terms and conditions of the prospectus ... as delivered to the initial recipient. Therefore, we agree with the Division that Hobe is prohibited from changing a prospectus to its advantage which is already assumed by existing occupants. It is obvious that Hobe was trying to eliminate the restrictive, annual, date-certain rent increase provision in "Art. IX", so that it could be free to raise the rent at any time, and more than once annually, during the year.
Appellant argues that it was not offering the distributed prospectus in conjunction with a mobile home tenancy, and that the general partner's act of distribution was an error resulting from a misunderstanding of the law. We find these assertions irrelevant in light of the fact that by attempting to alter the prospectus which would affect mobile homeowners already in occupancy, Hobe was contradicting § 723.059, Florida Statutes cited above without obtaining the consents of the homeowners pursuant to Rule 7D-31.01(5), Florida Administrative Code.
Appellant also contends that there is no statutory authority for limiting the type or substance of a prospectus amendment, and that Rule 7D-31.01(5), Florida Administrative Code conflicts with Chapter 723, Florida Statutes, so is therefore invalid. We find that Rule 7D-31.01(5), Florida Administrative Code does not restrict the subject matter of possible prospectus amendments. The rule lists specific types of amendments that are possible without the consents of the homeowners, then provides a catch-call, "amendments consented to by both homeowner and park owner", to authorize amendments not falling within the categories outlined in Rule 7D-31.01(5)b-h. Therefore we find Rule 7D-31.03(5) Florida Administrative Code to be consistent with Chapter 723, contrary to appellant's argument.
In addition, § 723.006(6), Florida Statutes "Powers and Duties of the Division", specifically states:

*1306 "The Division is authorized to promulgate rules pursuant to Chapter 120 which are necessary to implement, enforce and interpret this chapter." [emphasis supplied]
Also, the language in Rule 7D-31.01-4(b) Florida Administrative Code implies that when the expiration of the assumed rental agreement occurs, the terms of a new prospectus control. However until such expiration of the assumed rental agreement, including the term of any automatic renewals, the rent increase must be the same as would have been assessed against the selling tenant, and such increase must have been disclosed to the purchaser prior to his occupancy and be imposed in a manner consistent with Chapter 723, Florida Statutes. (Emphasis supplied). In light of the above which indicates that a previously existing rental agreement or prospectus controls until the occupant's rental agreement expires, we find appellant's argument unpersuasive that the Division's decision "forever binds Hobe to the entire draft prospectus including the January 1 increase date, and has the effect of establishing perpetual occupancy rights under the draft prospectus in favor of a mobile home owner."
We find that the legislature accorded the Division discretion in implementing Florida Administrative Code Rule 7D-31, especially with respect to requiring park owners like appellant to adhere to rental increase provisions such as those found in Art. IX of the original prospectus. Therefore the Division did not err in finding that Hobe is bound by Art. IX of the previous prospectus. We further find that Rule 7D-31.01(5), Florida Administrative Code is valid for it has statutory support as found in Chapter 723. Also we agree with appellee that rules should be upheld unless appellant demonstrates that the rules are not reasonably related to the purposes of enabling legislation, or that the rules are arbitrary and capricious. Appellant has fallen short of establishing either of the above.
"Agencies are to be accorded wide discretion in the exercise of their lawful rulemaking authority, clearly conferred or fairly implied and consistent with agencies' general statutory duties."
Department of Professional Regulation, Board of Medical Examiners v. Durrani, 455 So.2d 515, 517 (Fla. 1st DCA 1984).
The third issue that Hobe raises, whether its August 12, 1985 Notice of Rent Increase was sufficient according to § 723.037, Florida Statutes (1985), has been rendered moot by modifications to the statute by the 1986 Legislature. In appellant's Notice of Rent Increase Hobe listed three reasons to explain the need for such increase, 1) reasonable management fees, 2) prevailing economic conditions and 3) increased cost factors. The Division in accordance with Rule 7D-32.02(1)(d), Florida Administrative Code determined that the three reasons were not specific enough to satisfy the rule's "concise explanation" requirement. We agree with appellant that this requirement was vague, and that guidelines were not provided for its application. Appellant aptly states "how concise is concise?" The 1986 legislature directly addressed this issue when it modified subsection 2 of section 723.037, Florida Statutes (1985) Lot Rental Increases.[1] The new subsection in pertinent part provides that notice shall only be required to include the change in present lot rental amount... . It goes on to say that affected homeowners may meet with the park owner to discuss the reason for the increase in lot rental amount ... and request mediation if necessary. Further we point *1307 out that in Chapter 86-162, section 14 the 1986 legislature provided that the provisions of the notice section mentioned above as created by this act were intended to be remedial, "all previous notices of increase of rental amount ... shall be considered proper notice." The new statute further provides that those owners who were precluded from collecting increased rent due to a previously insufficient notice of increase which may have been deficient under the rules of the Division of Florida Land Sales and Condominiums between October 1, 1984 and July 1986, shall not be allowed to recover said lost income twice by the provisions of such section. (Emphasis supplied).[2]
The provisions of Ch. 86-162, Laws of Florida supersede the conflicting "concise explanation" provisions of Rule 7D-32.02 Florida administrative Code, and we interpret the above cited remedial provision to provide that, not only is appellant's August 1985 Notice of Rental Increase now deemed proper notice, but if Hobe desires to recoup rent increase income lost in 1986 due to the previous application of the Florida Administrative Code's "concise explanation" requirement, Hobe may collect such lost income as long as it only collects it one time.
Appellee concedes that the new legislation renders moot the question of the sufficiency of Hobe's August 12, 1985, Notice of Rent Increase. But appellee asserts, and we agree, that the legislature did not act to alter Rule 7D-31.01(5) Florida Administrative Code which prohibits most amendments to a prospectus after it has been distributed to affected homeowners, without the consents of the homeowners. Therefore, we agree with the Division's reasoning that although Hobe's Notice of Rent increase may now be deemed sufficient in retrospect, according to Rule 7D-31.01(5) Florida Administrative Code Hobe still was prohibited from altering the original prospectus which requires rent increases to take place only on January 1, 1986, so any Notice of Rent Increase effective prior to January 1, 1986 would still be invalid.
However, it was not until November 20, 1986 that the Division determined in its letter that Hobe's August Notice of Rent Increase, effective January 1, 1986 was not "sufficiently concise." Based on this reasoning, (now no longer valid grounds to reject the notice), Hobe was foreclosed from reissuing a timely notice of rent increase to take effect appropriately on January 1, 1986 (due to the statutory 90 day notice requirement). Therefore, the Division's late decision that Hobe's August rent increase notice was insufficiently concise caused Hobe to be unable to timely issue a notice of rent increase, because the Division also determined Hobe to be bound by the Art IX January 1 rent increase provision. Therefore Hobe lost the sum of rental increases for the entire 1986 year.
We find that when applying Chapter 86-162 remedially to the facts at bar, Hobe's August 1985 rent increase notice, effective January 1, 1986 was sufficient, and therefore would have been timely filed but for the Division's ruling that it was not "concise." Therefore Hobe may pursue the collection of 1986 rent increase income lost due to the action of the Division. Such rent increase and collection shall be in accordance with the guidelines provided by the legislature in Chapter 86-162, Laws of Florida.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Mobile Homes Ch. 86-162 Laws of Florida effective July 1, 1986. Section 723.037 Lot Rental Increases:

(2) Notice as required by this section shall only be required to include the change in the present lot rental amount, the reduction in services or utilities, or the change in rules and regulations and the effective date thereof.
(3) A committee, not to exceed five in number, designated by a majority of the affected mobile home owners or, a homeowners' association has been formed, by the board of directors of the homeowners' association if applicable, shall meet at a mutually convenient time with the park owner to discuss such change within 30 days of the notice from the park owner to discuss the reasons for the increase in lot rental amount, reduction in services or utilities, or change in rules and regulations.
[2] Ch. 86-162

Section 14. The provisions of subsection (2) of section 723.037, Florida Statutes, as created by this act, are intended to be remedial and all previous notices of increase in lot rental amount, reduction in services or utilities, or change in rules and regulations provided in conformance with such section shall be considered proper notice. A park owner who has provided a second notice of an increase in lot rental amount that provides for recoupment of lost income due to an initial notice which may have been deficient under the rules of the Division of Florida Land Sales, Condominiums, and Mobile Homes between October 1, 1984, and July 1, 1986, shall not be allowed to recover said lost income twice by the provisions of such section.