649 So.2d 318 (1995)
John CHRISTO, Jr. and John Christo, III, Appellants,
v.
STATE of Florida, DEPARTMENT OF BANKING AND FINANCE, Appellee.
No. 93-3710.
District Court of Appeal of Florida, First District.
January 26, 1995.
S. Craig Kiser and William A. Friedlander, Tallahassee, for appellants.
Alan C. Sundberg and Martha Harrell Chumbler of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.C., and Margaret S. Karniewicz and Jeffrey D. Jones, Office of Gen. Counsel, Dept. of Banking and Finance, Tallahassee, for appellee.
*319 DAVIS, Judge.
Appellants, John Christo, Jr. and John Christo, III appeal an order of the Division of Administrative Hearings determining the validity of unpromulgated agency rules. Appellants raise four issues on appeal. The issues raised by appellants under the first three points are based on an argument that the hearing officer erred in concluding that section 120.535, Florida Statutes, provides the exclusive mechanism for challenging an agency's failure to promulgate agency policy as rules. Appellants argue under point four that the adoption of rules implementing section 655.005, Florida Statutes, and section 656.037, Florida Statutes, cannot be used as a defense pursuant to section 120.535 because substantive changes in the language of the implementing statutes make the rules dissimilar to the unpromulgated policies being challenged. We find no reversible error in the hearing officer's order and affirm.
Appellants alleged in their Petition that the following unpromulgated agency statements of general applicability by the Department of Banking and Finance were unpromulgated agency rules that violated section 120.56, Florida Statutes, and section 120.535(1), Florida Statutes: (1) reliance on a CAMEL rating of 4 or 5 as a basis for assessing costs of examinations pursuant to section 655.045, Florida Statutes; (2) use of the FDIC examination manual to determine classification of assets held by state banks and what are "unsafe and unsound practices" for purposes of the department's enforcement and sanction powers against state banks and their officers and directors; and (3) use of an unpublished state examination manual to determine classification of assets held by state banks and what are "unsafe and unsound practices" for the purposes of the department's enforcement and sanction powers against state banks and their officers and directors.
The hearing officer entered a final order dismissing appellant's petition, with the exception that one of the challenged unpromulgated agency statements was determined to be an unpromulgated rule in violation of section 120.535. The hearing officer concluded that the policy which establishes CAMEL ratings in the aggregate of 4 or 5 as indicating that the institution is unsafe or unsound as a means to recover costs of examination and supervision of an institution, possible late payment assessment and administrative fine and other administrative actions is an unadopted rule in a setting where adoption is feasible and practicable.
In reaching his conclusions, the hearing officer explained that, when reading the prohibition of section 120.56 against the invalid exercise of delegated legislative authority through unpromulgated rules, the process of determining whether unpromulgated rules are invalid must be engaged in with the realization that section 120.535 was principally enacted as the mechanism for challenging unpromulgated rules. The hearing officer recognized that the exception to this arrangement is where the unpromulgated rule enlarges, modifies or contravenes the specific provisions of the law implemented. The hearing officer ruled that the FDIC manual, the examination and procedures manual and management evaluation guidelines were rules by definition, but that the department had not violated section 120.535 because the department was currently using the rulemaking procedure expeditiously and in good faith to adopt the manuals. The hearing officer ruled that there was no violation of section 120.56 because the manuals did not enlarge, modify or contravene the specific provisions of law they were intended to implement.
On appeal, appellants argue that the hearing officer erred in failing to invalidate the manuals as unpromulgated rules pursuant to section 120.56.[1] Appellants assert that (1) the remedy provided by section 120.535 for an agency's failure to promulgate rules is cumulative to and does not repeal or supplant the remedy provided by section 120.56; (2) rule promulgation pursuant to section *320 120.535(1)(a)3 does not provide a defense in a section 120.56 proceeding seeking to declare an agency's existing unpromulgated rules invalid; (3) agency policy which has become so defined and settled so as to be a rule, as opposed to incipient policy, must be promulgated as a rule or become susceptible to challenge in a section 120.56 proceeding and may be declared invalid based on the merits or solely on the agency's failure to promulgate the policy as a rule; and (4) the adoption of rules implementing section 655.005, Florida Statutes, and section 656.037, Florida Statutes, cannot be used as a defense pursuant to section 120.535 because substantive changes in the language of the implementing statutes make the rules dissimilar to the unpromulgated policies being challenged.
We hold that the hearing officer correctly concluded that section 120.535 provides the exclusive mechanism for challenging an agency's failure to adopt agency policy as a rule and that the manuals challenged by appellants were subject to challenge under section 120.535. Appellants' arguments under Points I, II and III are based on a misconception that section 120.535 applies only to incipient policy, whereas section 120.56 applies to unpromulgated rules. Section 120.535(1)(a), Florida Statutes (Supp. 1992) provides:
(1) Rulemaking is not a matter of agency discretion. Each agency statement defined as a rule under s. 120.52(16) shall be adopted by the rulemaking procedure provided by s. 120.54 as soon as feasible and practicable. Rulemaking shall be presumed feasible and practicable to the extent provided by this subsection unless one of the factors provided by this subsection is applicable.
(a) Rulemaking shall be presumed feasible unless the agency proves that:
1. The agency has not had sufficient time to acquire the knowledge and experience reasonably necessary to address a statement by rulemaking; or
2. Related matters are not sufficiently resolved to enable the agency to address a statement by rulemaking; or
3. The agency is currently using the rulemaking procedure expeditiously and in good faith to adopt rules which address the statement.
Section 120.52(16), Florida Statutes (Supp. 1992) provides, in part:
`Rule' means each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency and includes any form which imposes any requirement or solicits any information not specifically required by statute or by an existing rule. The term also includes the amendment or repeal of a rule... .
Section 120.535 applies to any agency statement that falls within the definition of a rule pursuant to section 120.52(16). § 120.535(1), Fla. Stat. Section 120.52(16) defines a rule as an agency statement of "general applicability." In the present case, appellants concede that the challenged unpromulgated rules are statements of general applicability.
Agency policy is incipient or evolving when an agency has not yet solidified its position on policy in a particular area, and instead seeks to exercise its authority on a case-by-case basis until it has focused on a common scheme of inquiry derived through experience gained from adversary proceedings. Florida League of Cities, Inc. v. Admin. Comm'n., 586 So.2d 397, 406 (Fla. 1st DCA 1991). In providing the defenses to rulemaking in section 120.535(1)(a), Florida Statutes, the Legislature appears to have recognized that true incipient policy should be exempt from rulemaking and, therefore, not subject to challenge under section 120.535.
Appellants argue that, despite the enactment of section 120.535 in 1991, an affected person may continue to challenge an agency's failure to engage in rulemaking under section 120.56. Appellants' argument ignores several fundamental tenets of statutory construction. One of the most fundamental tenets of statutory construction requires that the courts give statutory language its plain and ordinary meaning, unless the words are defined in the statute or by clear intent of *321 the Legislature. Green v. State, 604 So.2d 471 (Fla. 1992). Section 120.535(8) provides that "all proceedings to determine a violation of subsection (1) shall be brought pursuant to this section... ." The plain meaning of section 120.535(8) is that challenges to an agency's failure to adopt agency statements by the rulemaking procedure must be brought pursuant to section 120.535.[2]See also, Staff of Fla.H.R.Comm. on Gov't Ops., H.B. 1879 (1991) Staff Analysis (Final May 22, 1991) (on file with Comm.) ("Section 120.535(2) provides the procedure for challenging an agency statement alleged to violate the standard for rulemaking.")
Second, statutes should be construed to give each word effect. See Gretz v. Florida Unemployment Appeals Comm'n, 572 So.2d 1384 (Fla. 1991). If section 120.56 still provides a procedure for challenging an agency's failure to adopt a policy through rulemaking, then section 120.535(8) is meaningless.
Third, a more specific statute covering a particular subject is controlling over a statutory provision covering the same subject in more general terms. See Dep't of Health and Rehabilitative Serv. v. American Healthcorp. of Vero Beach, Inc., 471 So.2d 1312 (Fla. 1st DCA 1985), opinion adopted by 488 So.2d 824 (Fla. 1986). Section 120.535 specifically addresses an agency's failure to promulgate rules. In contrast, section 120.56 offers relief relating to invalid rules generally.
In summary, we hold that the Legislature, in enacting section 120.535, intended section 120.535 to be used as the exclusive method to challenge an agency's failure to adopt agency statements of general applicability as rules. Thus, the hearing officer correctly concluded that section 120.56 did not provide appellants with a mechanism for challenging the department's failure to adopt the manuals as rules.
Appellants further argue under Point IV that, because section 655.005(1)(r), Florida Statutes and section 655.037(3), Florida Statutes, the statutes that the unpromulgated rules implement, were amended in 1992, the rules being adopted through rulemaking pursuant to section 120.535(1)(a)3 are not substantially similar to the unpromulgated rules that were challenged in the section 120.535 proceeding. We find appellants' arguments under this point to be without merit. The department in the present case initiated rulemaking pursuant to section 120.535(1)(a)3. Section 120.535(1)(a)3 provides:
(a) Rulemaking shall be presumed feasible unless the agency proves that:
3. The agency is currently using the rulemaking procedure expeditiously and in good faith to adopt rules which address the statement.
Section 120.535(1)(a)3 requires only that an agency adopt "rules which address the statement." Appellants do not assert that the manuals which the department had begun to adopt through rulemaking are inconsistent with section 655.005 or section 655.037, either before or after their amendment. A rule may remain in effect, unchanged, even when the statute which the rule implements is amended. Only the repeal of the statute which is implemented by the rule results in an automatic expiration of the rule. Canal Ins. Co. v. Continental Casualty Co., 489 So.2d 136, 138 (Fla. 2d DCA 1986).
Accordingly, we find no reversible error and affirm the hearing officer's order.
ZEHMER, C.J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Section 120.56 provides a procedure for challenging the validity of a rule "on the ground that the rule is an invalid exercise of delegated legislative authority." § 120.56(1), Fla. Stat. Prior to the enactment of section 120.535, courts had recognized section 120.56 as a vehicle for challenging an agency's failure to engage in rulemaking. See e.g., Dep't of Transportation v. Blackhawk Quarry Co., 528 So.2d 447 (Fla. 5th DCA 1988), rev. denied, 536 So.2d 243 (Fla. 1988).
[2] Although not controlling on this court, the Division of Administrative Hearings has addressed the issue of whether section 120.56 may be used to challenge an agency's failure to engage in rulemaking after the enactment of section 120.535. See Allen v. Dep't of Health and Rehabilitative Serv., 14 FALR 2091 (DOAH 1992) (since the proceedings began before March 1, 1992, the effective date of section 120.535, section 120.56, Florida Statutes (1991) applies. Section 120.535(8), Florida Statutes (1991) declares that section 120.535, Florida Statutes (1991) is the exclusive remedy after March 1, 1992); Sigma Int'l, Inc. v. State, Marine Fisheries Comm'n, 14 FALR 4836 (DOAH 1992) (the only proceeding available to attack an unpromulgated policy is one filed under section 120.535(8), Florida Statutes).