667 So.2d 372 (1995)
TELEVISUAL COMMUNICATIONS, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF LABOR & EMPLOYMENT SECURITY/DIVISION OF WORKERS' COMPENSATION, Appellee.
No. 95-729.
District Court of Appeal of Florida, First District.
November 29, 1995.
Robert S. Cohen and Charles W. Murphy of Pennington & Haben, P.A., Tallahassee, for Appellant.
Michael G. Moore, Senior Attorney, and David C. Hawkins, Senior Attorney, Tallahassee, for Appellee.
PER CURIAM.
Televisual Communications, Inc. (TVC) seeks review of a final order of the Division of Administrative Hearings, Department of Administration, dismissing its rule challenge petition for lack of standing. We reverse and remand for further proceedings.
Section 440.13(3), Florida Statutes (Supp. 1994), provides:
(a) As a condition to eligibility for payment under this chapter, a health care provider who renders services must be a certified health care provider and must receive authorization from the carrier before providing treatment. This paragraph does not apply to emergency care. The division shall adopt rules to implement the certification of health care providers. As a one-time prerequisite to obtaining certification, the division shall require each physician to demonstrate proof of completion of a minimum 5-hour course that covers the subject areas of cost containment, utilization control, ergonomics, and the practice *373 parameters adopted by the division governing the physicians field of practice. The division shall coordinate with the Agency for Health Care Administration, the Florida Medical Association, the Florida Osteopathic Medical Association, the Florida Chiropractic Association, the Florida Podiatric Medical Association, the Florida Optometric Association, the Florida Dental Association, and other health professional organizations and their respective boards as deemed necessary by the Agency for Health Care Administration in complying with this subsection. No later than October 1, 1994, the division shall adopt rules regarding the criteria and procedures for approval of courses and the filing of proof of completion by the physicians.
The division published notice of intent to adopt new rules 38F-53.001  53.011. The proposed rules establish the procedures and requirements to implement the certification of health care providers and establish the procedures and criteria for the approval of the minimum 5-hour training course required for physician certification in accordance with section 440.13. The proposed rules provide, in part, that in order for a certification training course to be approved, the following shall be submitted to the division as part of the proposed training course:
Syllabus and outline of course content including time frames for each component and schedules for any breaks or meals included in the presentation. If audio-visual materials are to be utilized, a qualified and approved instructor must be present, during the audio-visual presentation, to answer questions on the subject matter presented.
TVC filed a petition to determine the invalidity of the proposed rules. TVC alleged that it is a publisher of educational materials useful to health care practitioners and has specialized in the production of medical educational video programs for five years. TVC specifically challenged that portion of the proposed rules which require the presence of an instructor. As noted by TVC, this requirement does not allow use of correspondence courses to meet the 5-hour training course requirement. TVC argued that the limitation imposed by the proposed rules is an invalid exercise of delegated legislative authority and a denial of equal protection and constitutional rights without due process.
At a hearing held on the petition, TVC presented the testimony of its president, Greg Wheat, who testified that TVC would produce VHS tapes with handouts and that the material would cover all topics required under the statute. Wheat asserted that there were other methods of enabling physicians to have questions answered, in addition to having an instructor present at a group presentation of material, and that there were various methods of verifying physician participation. He estimated that TVC had spent approximately $75,000 in salaries, travel, and other expenses "associated with getting to where we are at this point. I would also assume that even if we were able to successfully sell our programs to 10% or less of the market that exists in Florida right now, that the revenues from that small market share would equal what TVC has done already this year. So, in essence, it has the potential for about doubling our sales." The division presented testimony indicating that home video or correspondence courses had been considered and rejected for various reasons.
The hearing officer determined that TVC did not have standing to challenge the proposed rules:
[TVC], as a producer of education videos for home or self-directed study, contends that it has standing to challenge the proposed rule because, as written, it will be precluded from producing and marketing a home study course of the physician certification program and, consequently, that it will fail to realize profits from the sale of videos that it might, if the rule allowed home study, otherwise garner.
The hearing officer observed that the proof demonstrates that TVC is "not a health care provider or a representative of health care providers affected by section 440.13(3), Florida Statutes (Supp. 1994), or the proposed rule, or otherwise shown to be regulated or controlled under chapter 440 or the proposed rule." The hearing officer also determined that the potential financial impact to TVC was speculative.
*374 Section 120.54(4), Florida Statutes, provides that any "substantially affected person may seek an administrative determination of the invalidity of any proposed rule on the ground that the proposed rule is an invalid exercise of delegated legislative authority." The hearing officer correctly noted that to demonstrate that it is substantially affected by a proposed rule, a party must establish that, as a consequence of the proposed rule, it will suffer injury in fact and that the injury is within the zone of interest to be regulated or protected. The hearing officer erred, however, in concluding that the proposed rule does not purport to subject TVC, or those similarly situated, to regulation or control. The proposed rules require physicians to enroll in and complete a training course approved by the Division. The proposed rules also set forth the criteria which must be met in order to obtain approval of a course. In addition to the requirement at issue, that a qualified and approved instructor must be present during presentation of audio-visual materials, the proposed rules set forth the required qualifications of instructors or authors, method of verifying attendance, and subject matter to be covered. The rules also provide for revocation of approval of a course upon certain grounds. In summary, the rule purports to regulate the industry that provides the medium for education of health care providers.
The hearing officer correctly noted that TVC was not a health care provider affected by section 440.13(3), Florida Statutes (Supp. 1994), but failed to recognize that TVC was indeed affected by the proposed rule which has the collateral effect of regulating TVC's industry. Moreover the hearing officer erred in concluding that the evidence of financial impact was too speculative to support the existence of standing. Department of Professional Regulation, Board of Chiropractic v. Sherman College of Straight Chiropractic, No. 93-3636, ___ So.2d ___ (Fla. 1st DCA November 16, 1995).
The hearing officer cited Board of Optometry v. Florida Society of Ophthalmology, 538 So.2d 878, 881 (Fla. 1st DCA 1989), and concluded that TVC "`cannot predicate standing on the notion that the application of the challenged rule will prevent or obstruct their practicing ophthalmic medicine' or, pertinent to this case, producing and selling audiovisual home study courses." The hearing officer's reliance on Florida Society of Ophthalmology was misplaced. In that case, the Board of Optometry adopted a rule to implement section 463.0055, Florida Statutes, which authorized optometrists to administer certain topical ocular drugs in the diagnosis and treatment of the human eye. This practice previously fell within the exclusive domain of allopathic and osteopathic physicians who were licensed under chapters 458 and 459 and practiced ophthalmic medicine. The Florida Society of Ophthalmology, Florida Medical Association, and several physicians challenged the rule as an invalid exercise of the Board's delegated legislative authority. On appeal, it was determined that the hearing officer erred in determining that the petitioners had standing. It was observed that the right to administer topical ocular drugs was no longer exclusively reserved to their field of practice regulated by chapters 458 and 459 and that the petitioners were no longer in a position to assert that a protected economic right had been impaired by the rule. The panel noted that a different result had been reached in an earlier decision when ophthalmologists challenged a rule which permitted optometrists to administer topical ocular drugs at a time when the right to do so was statutorily reserved exclusively to the petitioners' field of practice. Petitioners were not subject to regulation or control under chapter 463, not subject to regulation or control by the rule, and based on the enactment of section 463.0055, could not predicate standing on the notion that the application of the challenged rule would prevent or obstruct their practicing ophthalmic medicine.
We conclude that TVC sufficiently alleged that it was substantially affected by the proposed rules. The order dismissing based on lack of standing is REVERSED and the cause is REMANDED for further proceedings.
BARFIELD, KAHN, and DAVIS, JJ., concur.