683 So.2d 586 (1996)
FEDERATION OF MOBILE HOME OWNERS OF FLORIDA, INC. and Department of Business and Professional Regulation, Division of Florida Land Sales, Condominiums and Mobile Homes, Appellants,
v.
FLORIDA MANUFACTURED HOUSING ASSOCIATION, INC., Appellee.
Nos. 95-3525, 95-3538.
District Court of Appeal of Florida, First District.
November 13, 1996.
*587 Peter M. Dunbar and Robert S. Cohen of Pennington & Haben, P.A., Tallahassee, for Appellant/Federation of Mobile Home Owners of Florida, Inc.
*588 Robin L. Suarez of Department of Business and Professional Regulation, Tallahassee, for Appellant/Department of Business and Professional Regulation.
W. Dexter Douglass and Michelle Anchors of Office of the Governor, Amicus Curiae.
David D. Eastman, Jack M. Skelding, Jr., and Carl R. Peterson, Jr. of Skelding, Labasky, Corry, Eastman, Hauser & Jolly, P.A., Tallahassee, for Appellee.
DAVIS, Judge.
The Federation of Mobile Home Owners of Florida, Inc., and the Florida Department of Business and Professional Regulation, Division of Florida Land Sales, Condominiums, and Mobile Homes (the Division), appeal a final administrative order determining that the proposed repeal of Rule 61B-31.001(5), Florida Administrative Code, constitutes an invalid exercise of delegated legislative authority in violation of section 120.54(4), Florida Statutes (1993), and that the Division's policy statements relating to the length of validity of a prospectus and to the elimination of any procedure for approving amendments to previously filed and approved prospectuses violate section 120.535, Florida Statutes (1993). The broad issues raised in this appeal are whether the Division's decision to repeal Rule 61B-31.001(5) is "rulemaking," and, if so, whether such repeal violates section 120.54, Florida Statutes (1993), and whether repeal of this rule amounts to the institution of a non-rule policy violative of section 120.535. Because we agree with the hearing officer's conclusion that the elimination of the procedure for approval of amendments to prospectuses violates section 120.54 by improperly vesting the Division with unbridled discretion over the manner of performance of a statutorily mandated obligation to approve prospectuses, as well as the alternative holding that the repeal of this rule was an improper method of instituting two nonrule policies in violation of section 120.535, we affirm. However, because his reasoning was based upon an erroneous interpretation of earlier decisions of this court, we reject the hearing officer's conclusion that the repeal of the rule as it relates to the length of viability of a prospectus violates section 120.54(4).
The Florida Legislature enacted Chapter 723 (formerly Chapter 83) to provide mobile home owners with security in their dealings with mobile home park owners. Stewart v. Green, 300 So.2d 889, 891 (Fla.1974); Palm Beach Mobile Homes, Inc. v. Strong, 300 So.2d 881, 886-87 (Fla.1974); Herrick v. Florida Dep't of Business Regulation, 595 So.2d 148, 157 (Fla. 1st DCA 1992). Mobile home owners and mobile home park owners are in a peculiar tenancy relationship referred to by the Florida Supreme Court as "a hybrid type of property relationship" distinct from a traditional landlord/tenant relationship. Stewart v. Green, 300 So.2d at 892; see also § 723.004, Fla.Stat. (1993). The high cost of moving a mobile home into or out of a mobile home park places the resident mobile home owner in an unequal bargaining position with the mobile home park owner from whom he rents a lot. One of the means of providing tenants with this security is the requirement that the mobile home park owner provide tenants and prospective tenants with an approved prospectus. This court in Herrick reiterated the importance of the prospectus as one of the foundations of the Legislature's efforts to protect mobile home owners. Herrick, 595 So.2d at 152.
An approved prospectus must be delivered prior to the creation of an enforceable rental agreement. § 723.011, Fla.Stat. The prospectus is a document providing full and fair disclosure of the terms and conditions of residency in the mobile home park, and sets forth regulations to which the mobile home owner will be subjected after signing a lot rental agreement. A prospectus must include
a description of the mobile home park property (Section 723.012(4)(c)), a description of the recreational and other common facilities to be used by the home owners (Section 723.012(5)), the arrangements for management of the park and maintenance and operation of the park property (Section 723.012(6)), a description of all improvements which are required to be installed by the mobile home owner (Section 723.012(7)), a description of the manner in *589 which utility and other services will be provided to the home owners (Section 723.012(8)), an explanation of the manner in which rents and other charges will be raised, including 90 days advance notice and disclosure of any rate increase or passthrough charges, and any other fees, costs or charges to which the home owner may be subjected (Section 723.012(9)), and an explanation of the manner in which park rules or regulations will be set, changed or promulgated, including park regulations currently in effect (Section 723.012(10)).
Village Park Mobile Home Ass'n, Inc. v. Florida Dep't of Business Regulation, 506 So.2d 426, 428 (Fla. 1st DCA), review denied mem., 513 So.2d 1063 (Fla.1987). Nothing in chapter 723 defines how long the required prospectus remains valid. Nor does the statute explain how or when a prospectus may be amended.
The substance of Rule 61B-31.001(5) was originally adopted in 1985 as Rule 7D-31.01(5), and was later renumbered (as Rule 7D-31.001(5) and then Rule 61B-31.001(5)) without any substantive changes. Rule 61B-31.001(5) provides:
The Prospectus distributed to a home owner or prospective home owner shall be binding for the length of the tenancy, including any assumptions of that tenancy, and may not be changed except in the following circumstances:
(a) Amendments consented to by both the home owner and the park owner.
(b) Amendments to reflect new rules or rules that have been changed in accordance with procedures described in Chapter 723, F.S., and the prospectus.
(c) Amendments to reflect changes in the name of the owner of the park.
(d) Amendments to reflect changes in zoning.
(e) Amendments to reflect a change in the person authorized to receive notices and demands on the park owner's behalf.
(f) Amendments to reflect changes in the entity furnishing utility or other services.
(g) Amendments required by the Division.
(h) Amendments required as a result of revisions of Chapter 723, F.S.
(i) Amendments to add, delete or modify user fees for prospective home owners.
Neither Chapter 723 nor the rule defines "tenancy." The rule uses the word "tenancy" in attempting to define the term of viability of a prospectus. When the Division adopted the rule in 1985 it took the position that the prospectus was binding on the park owner and the mobile home owner until the mobile home owner no longer occupied the lot or the tenant was evicted, whichever occurred first.
After Herrick v. Florida Department of Business Regulation, 595 So.2d 148, 157 (Fla. 1st DCA 1992) was decided, the Division believed that "tenancy" had been defined to mean the term of a lot rental agreement, or at least that the case could be interpreted in that manner. Although contending that the case should not be interpreted as having restricted the meaning of "tenancy" to the term of a rental agreement, the Division was concerned that the decision of this court would have the effect of permitting Rule 61B-31.001(5) to be construed to provide that a prospectus is valid only for the period covered by a rental agreement. The Division decided to repeal Rule 61B-31.001(5) because the Division reasoned that the rule no longer accomplished an appropriate implementation of section 723.012 if interpreted in that manner. Therefore the Division published notice of the proposed repeal of Rule 61B-31.001(5) in the Florida Administrative Weekly, as required by section 120.54(1)(b), Florida Statutes (1995).
The Florida Manufactured Housing Association, Inc. (FMHA), is a Florida not-forprofit corporation organized to represent the interests of the owners of approximately 750 mobile home parks. FMHA petitioned to determine the invalidity of the proposed repeal, asserting that the proposed repeal was illegal because the Division was replacing a clearly articulated standard establishing the effective term of such prospectuses, and governing the manner and method of amending prospectuses, with non-rule policies, in violation of section 120.535. These non-rule policies are that the prospectus remains in effect *590 for some undetermined amount of time greater than the term of any particular rental agreement and that the Division will not review and approve amendments to previously approved prospectuses. FMHA also averred that those two alleged non-rule policies are violative of section 120.56, as an invalid exercise of delegated legislative authority because they enlarge, modify, or contravene the law implemented as interpreted by the District Court of Appeal, First District, and as ratified by subsequent legislative inaction. Finally, FMHA's petition asserted that the proposed repeal itself, as distinct from the policies allegedly being substituted for the rule, is invalid rulemaking pursuant to section 120.54(4) on four grounds: first, because the Division failed to follow the rulemaking procedures in section 120.54; second, because the Division exceeded its grant of rulemaking authority in that the repeal enlarges, modifies, or contravenes the law implemented as interpreted by the District Court of Appeal, First District; third, because the remaining rules are so vague as to vest unbridled discretion in the Division, particularly with regard to the nature and method of permissible prospectus amendments; and fourth, because the repeal is arbitrary and capricious in view of earlier precedent finding the rule to be consistent with chapter 723.
The hearing officer ruled that the repeal of Rule 61B-3.001(5) is an invalid exercise of delegated legislative authority under section 120.54(4) and that the repeal is also invalid because the non-rule policies that the Division is seeking to substitute for the rule are improper under section 120.535. The hearing officer did not expressly rule on the claim that the non-rule policy is an invalid exercise of delegated legislative authority under section 120.56.[1]

THE CHALLENGE UNDER SECTION 120.54(4)
The hearing officer found that the repeal of Rule 61B-3.001(5) meets the definition of a rule. He further found that this "rule" was an invalid exercise of delegated legislative authority for two reasons: it conflicted with decisions which "have interpreted `tenancy' in such fashion as to permit Rule 61B-3.001(5) to be construed to indicate that a prospectus is valid only for the period covered by a rental agreement" and because "[t]he repeal of the rule fails to establish adequate standards for agency decisions and vests unbridled discretion in the agency." The parties have asked this court to resolve what they characterize as a question of first impression: whether the repeal of a rule is, in and of itself, subject to challenge through the rulemaking process.
While section 120.52(16), Florida Statutes (1993), provides that the term "rule" "includes the amendment or repeal of a rule," there are no reported Florida decisions addressing whether that provision makes the repeal of any rule subject to rulemaking challenge, or simply entitles interested parties to seek repeal of a rule in rulemaking proceedings, and to receive notice of amendments and repeals as required by section 120.54(1), thus permitting a challenge when the repeal has the corollary effect of creating a new rule. Cf. All Risk Corp. of Florida v. Florida Dep't of Labor & Employment Sec., 413 So.2d 1200 (Fla. 1st DCA 1982) (rule challenge based upon a rule repeal and simultaneous substitution of new proposed rules). To constitute "rulemaking" a rule repeal is required to satisfy independently the remainder of the definition of a "rule" in section 120.52(16): "agency statement of general applicability *591 that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency ..." A repeal that does not have the effect of creating or implementing a new rule or policy is not a "rule" subject to challenge. For example, in Balsam v. Florida Department of Health and Rehabilitative Services, 452 So.2d 976 (Fla. 1st DCA 1984), this court applied the rationale that "[a] rule is any agency statement of general applicability that prescribes laws or policy or describes the organization, procedure, or practice requirements of an agency" to a claim that a moratorium on the receipt of certificate of need applications was a rule subject to the rulemaking procedures in chapter 120. The court in Balsam quoted Florida Department of Administration v. Harvey, 356 So.2d 323 (Fla. 1st DCA 1978) in support of its conclusion that the moratorium was a rule, because "[a]ny agency statement is a rule if it `purports in and of itself to create certain rights and adversely affect others'..." The moratorium was a rule, the court held, because it denied the applicants their right to timely review. See also Florida Bd. of Trustees of the Internal Improvement Trust Fund v. Lost Tree Village Corp., 600 So.2d 1240, 1244 (Fla. 1st DCA 1992) (distinguishing Balsam and holding that a moratorium on consideration of applications for use of sovereign submerged lands was not a rule because the Board was not required by law to accept such applications).
In the present case the hearing officer specifically held the portion of the "rule" relating to the amendment process invalid because it vests the agency with unbridled discretion over the amendment process and determined that the portion of the "rule" defining the term of viability of a prospectus conflicts with the relevant portions of chapter 723 as interpreted by this court. In other words, the hearing officer found that both aspects of this repeal "create certain rights and adversely affect others ..." Florida Dep't of Administration v. Harvey, 356 So.2d at 325.
Chapter 723 requires the promulgation of a prospectus, and makes it part of the contract between the mobile home park owner and the mobile home owner, but does not state expressly whether that prospectus is valid and enforceable for the length of a single rental agreement or some longer period. Nor does the statutory scheme contain any provisions controlling the manner of amendment of a prospectus. We note the recent enactment of the Florida Legislature creating a study commission to propose changes to the Florida Mobile Home Act to resolve the "lack of clarity" in the law "concerning the status, duration, applicability, and amendments of the disclosures contained in the prospectuses and offering-circulars provided to mobile home owners in this state..." Ch. 96-394, § 2, 1996 Fla.Sess. Law Serv. (West).
Chapter 723 obligates the mobile home park owner to provide tenants with an approved prospectus. It follows that there must be some procedure enabling the park owner to obtain approval of amendments to the prospectus as the information required to be contained therein changes. This court has previously recognized the Division's obligation to review prospectuses and approve them or to state reasons for disapproving the proposed prospectus. See Village Park Mobile Home Ass'n, Inc. v. Florida Dep't of Business Regulation, 506 So.2d at 427. Rule 61B-31.001(5), providing the manner of amendment of a prospectus and stating that the prospectus is "binding for the length of the tenancy," has been upheld against previous challenges. See Hobe Assocs., Ltd. v. Florida Dep't of Business Regulation, 504 So.2d 1301 (Fla. 1st DCA 1987); Water Oak Management Corp. v. Florida Dep't of Business Regulation, 12 F.A.L.R. 1144 (Fla. Dep't of Bus.Reg.1990). We agree with the hearing officer that, to the extent the elimination of an amendment process by repeal of the rule improperly vests the agency with unbridled discretion over review and approval of amendments to prospectuses, the repeal is a "rule" and violates section 120.54.
The remaining issue in the section 120.54 challenge is whether the repeal of the portion of Rule 61B-31.001(5) which purports to define the period of viability of the prospectus is arbitrary and capricious because the repeal is, in and of itself, a rule which is *592 substantively in conflict with the statutes implemented. The hearing officer premised his ruling that the repeal of the rule providing that a prospectus is viable for the length of a "tenancy" was arbitrary and capricious and therefore invalid on an erroneous interpretation of this court's decisions in Herrick and Hobe Associates, Ltd. v. Florida Department of Business Regulation, 504 So.2d 1301 (Fla. 1st DCA 1987). It was the same misinterpretation of those cases that prompted the Division to repeal the rule, in the belief that Herrick had possibly defined "tenancy" to mean the term of the rental agreement. This misapprehension is based primarily upon the statement that "tenancy in Tan Tara Mobile Home Park is on an annual basis ..." Id. at 156. However, Herrick does not define the term "tenancy" as it is used in this rule to define the term of viability of a prospectus. In fact this court expressly declined in Herrick to define "tenancy" for purposes of the length of viability of a prospectus. Id.
As this court stated in Herrick, it is inappropriate for us to legislate the meaning of "tenancy" in this context. The Division recites numerous provisions in Chapter 723 in support of its interpretation that it is the intent of the Legislature that the prospectus should continue to be effective after the expiration of the term of the original rental agreement. However, none of those statutory provisions actually state how long the prospectus should be viable. We reiterate that "the time is ripe for provision of a legislative definition ...," Herrick, 595 So.2d at 157. Although it does not change the outcome of this decision, we reject the hearing officer's conclusion that the repeal of the rule relating to the term of viability of the prospectus is improper because the hearing officer relied upon a misinterpretation of Herrick and Hobe to reach that conclusion.

THE CHALLENGE UNDER SECTION 120.535
The hearing officer also held that the Division had acknowledged "taking the position that the prospectus is binding for longer than the period of a rental agreement[,]" and that "notwithstanding prior practice, [the Division asserts that] it has no statutory authority to review and approve amendments to a previously approved prospectus and that it will no longer do so." The hearing officer concluded that these were agency statements of general applicability interpreting or prescribing law or policy and that the Division had failed to establish that rulemaking was unreasonable, not feasible, or impractical, thereby violating section 120.535. We affirm the decision invalidating the repeal of this rule because, by repealing the rule, the Division is implementing a non-rule policy concerning the length of validity of a prospectus and because the Division's decision to discontinue the review and approval mechanism for amendments is also a statement of general applicability interpreting or prescribing law or policy, which the Division is required under section 120.535 to establish through proper rulemaking procedures. See Christo v. Florida Dep't of Banking and Finance, 649 So.2d 318 (Fla. 1st DCA), review dismissed mem., 660 So.2d 712 (Fla.1995).
Appellants assert that FMHA did not have standing to raise this issue because the alleged non-rule policies have yet to be applied to anyone. But one may have standing whose "substantial interests are affected" by the lack of a rule. See Cortese v. School Bd. of Palm Beach County, 425 So.2d 554, 556 n. 4 (Fla. 4th DCA 1982), review denied mem., 436 So.2d 98 (Fla.1983). We conclude that the uncertainty engendered by the Division's non-rule policy substantially affects the interests of mobile home park owners such that they have standing. See Ward v. Bd. of Trustees of the Internal Improvement Trust Fund, 651 So.2d 1236 (Fla. 4th DCA 1995). FMHA has standing to raise this challenge because the prospectus is such a fundamental element of the mobile home park business that the absence of a procedure to obtain approval of amendments to the prospectus, and the confusion regarding the effective term of the prospectus, has direct impact on the business decisions and affects the substantial interests of FMHA's members. See Televisual Communications, Inc. v. Florida Dep't of Labor & Employment Sec., 667 So.2d 372 (Fla. 1st DCA 1995); Florida Dep't of Professional Regulation v. Sherman College of Straight Chiropractic, 682 So.2d 559 *593 (Fla. 1st DCA 1995). As this court explained in Village Park, 506 So.2d at 429, the Division is charged with the responsibility of approving the prospectus. The mobile home park owner is statutorily obligated to provide tenants with an "approved" prospectus, and cannot enter into a binding rental agreement until after providing the prospective tenant with an "approved" prospectus. See §§ 723.011(1)(a), 723.014(1). Therefore, the mobile home park owners have demonstrated the requisite injury-in-fact attributable to the elimination of the process for approval of amended prospectuses. The record contains support for the conclusion that the abrogation of such review procedures without substituting alternative procedures implements non-rule policy that there will no longer be any process for review and approval of amendments, in violation of section 120.535.
The repeal of this rule also has the effect of instituting a second non-rule policy that a prospectus is valid for some undetermined period of time longer than the rental agreement. Although the Division argues that there is no such policy, there is ample record evidence to support the hearing officer's finding that such a policy exists. For example, Bureau Chief Norred testified that the statute and the case law did not establish the longevity of the prospectus, that the rule did, and that the reason the agency wanted to repeal the rule was because the definition of "tenancy" in Herrick had given a meaning to the rule contrary to the policy of the agency.
The Division failed to prove that rulemaking is impractical, and the hearing officer expressly held that there was "no credible evidence" of a good faith attempt to expeditiously use the rulemaking procedure to address these policies. The Division failed to carry its burden of establishing a valid defense under section 120.535. See Christo v. Florida Dep't of Banking & Finance, 649 So.2d 318 (Fla. 1st DCA), review dismissed mem., 660 So.2d 712 (Fla.1995).
Accordingly, we hold that the present rule repeal is invalid because the elimination of an amendment process has the effect of vesting unbridled discretion in the Division over the manner of performance of a statutorily mandated obligation to approve prospectuses, in violation of section 120.54(4). The repeal also has the effect of implementing non-rule policy governing the term of a prospectus and concerning the lack of responsibility of the Division to approve amendments to prospectuses, in contravention of section 120.535. We therefore AFFIRM the order invalidating the repeal of Rule 61B-31.001(5), Florida Administrative Code.
BARFIELD, C.J., and KAHN, J., concur.
NOTES
[1] There is no merit to the claim that this rule repeal is invalid under section 120.56 on the theory that the non-rule policy of the agency enlarges, modifies, or contravenes the specific provisions of law the rule was intended to implement. In Christo v. Florida Dep't of Banking and Finance, 649 So.2d 318 (Fla. 1st DCA), review dismissed mem., 660 So.2d 712 (Fla.1995), the appellant had asserted that unpromulgated agency rules were invalid under both sections 120.535 and 120.56. The hearing officer held that there was no violation of section 120.56 "because the manuals did not enlarge, modify or contravene the specific provisions of law they were intended to implement." Id. at 319. However, this court held that "the Legislature, in enacting section 120.535, intended section 120.535 to be used as the exclusive method to challenge an agency's failure to adopt agency statements of general applicability as rules." Id. at 321. Thus, the decision affirmed the ruling that the appellant had stated no claim under section 120.56, but rejected the reasoning of the hearing officer in that case.