MICKLE, Judge.
In these consolidated cases, Sheryll J. In-diaan and Russell Dominick, graduates of South Carolina’s Sherman College of Straight Chiropractic (Sherman College), appeal an order of the Department of Professional Regulation, Board of Chiropractic (Board), denying their applications for Florida examination and licensure and denying their petitions for a formal administrative hearing. The applications for licensure and examination were denied on the basis that Sherman College does not meet the accreditation requirements of section 460.406(l)(c), Florida Statutes (1990), because it has only regional or institutional accreditation from an accrediting agency recognized by the U.S. Department of Education (USDOE) and Council on Postsecondary Accreditation (COPA), but not professional or specialized accreditation from an accrediting agency recognized by USDOE or COPA. We find our recent decision in the related case of Department of Professional Regulation, Board of Chiropractic v. Sherman College of Straight Chiropractic and Sheryll J. Indiaan, 682 So.2d 559 (Fla. 1st DCA 1995), to be disposi-tive of the instant appeal, and we reverse.
While the instant ease was ongoing below, the Board initiated rule making proceedings to amend the existing Florida Administrative Code rules with regard to requirements for graduates requesting licensing and for graduates requesting entry into a training program. The effect of the amendments was to expand the existing accrediting requirement of § 460.406(l)(e), Fla.Stat., that a chiropractic college be accredited by an agency recognized and approved by the USDOE and COPA, to add a requirement that accreditation be both regional and professional.[1] Sherman College filed petitions pursuant to section 120.54(4) and section 120.56(1), Florida Statutes (1993), challenging the validity of the rule amendments. Following a hearing, *710 a final order was entered declaring the rules to be invalid exercises of legislative authority as “there is absolutely no legislative intent, evident or reasonably inferred, to support a distinction between regional and professional accrediting agencies and to require that an applicant graduate from a college approved by both types.” The Board appealed, and this court affirmed the final order, finding competent substantial evidence to support the hearing officer’s findings of fact and conclusions of law. Department of Professional Regulation, Board of Chiropractic v. Sherman College et al. In light of our disposition therein, we now reverse the instant order denying the requests for examination and licensure and remand with directions that Dominick and Indiaan be permitted to proceed with the licensing process.
REVERSED and REMANDED.
BARFIELD and MINER, JJ., concur.

. The rule amendments essentially adopted the Board’s non-rule policy which was the subject of the denial of the instant requests for application and licensure.